## STATE v. HOWARD.

1. CONDUCT OF TRIAL—SEVERAL DEFENDANTS.—The details of a trial must be left to the presiding judge, and therefore, there being no statute in this State specially regulating the trial of two or more defendants when jointly tried, the order in which the several defendants shall cross-examine witnesses for the prosecution and introduce testimony in their defence is left to the judgment of the trial judge.
2. CROSS-EXAMINATION.—A defendant was refused permission on the cross-examination of two witnesses for the prosecution to contradict another witness for the prosecution previously examined, the proper foundation having been laid. *Held*, reversible error which was not cured by the defendant afterward putting these two witnesses on the stand and examining them in his own behalf.
3. COMMENT ON DEFENDANT'S FAILURE TO TESTIFY.—The constitution declares that no person shall be compelled to accuse or furnish evidence against himself, and the statute law permits a defendant to testify as to the facts and circumstances of the case, if he desires to do so and not otherwise. Therefore it is improper for a solicitor, in his argument, to comment upon the failure of the defendant on trial for crime to testify, but it is not reversible error where the trial judge corrected the inference suggested in the argument.
4. CRIME COMMITTED UNDER DURESS—THREATS.—In charging the jury as to one of the defences interposed, that the defendant had been forced by another to commit the homicide, the trial judge charged that "a mere threat to take one's life with nothing more does not amount to a sufficient excuse for committing homicide." *Held*, to be a correct proposition of law.
5. IBID.—In this same connection the trial judge further charged: "In all such cases the degree of force must be such as to deprive the party of his free agency, or, in other words, sufficient to overcome the mind of a person of ordinary firmness." *Held*, that in this general remark, not intended to apply specially to the defendant, there was no error. If a particular application to the facts of this case was desired, it should have been specially requested.
6. CONFESSIONS.—A confession was properly received in evidence when the testimony shows that the trial judge had good ground for being convinced that the confession was free and voluntary, notwithstanding it appeared that the witness who took it had been sent to the jail for that purpose by another person to whom a confession had been previously made under circumstances not shown by the testimony.

Before IZLAR, J., Greenville, July, 1890.

Indictment for murder committed on February 2, 1888. When the first witness for the State had finished her examination in chief, the judge presiding at the trial ruled that W. L. Howard must cross-examine in advance of the other defendants. A like order was followed in producing witnesses for the defence, but no question was raised on this point and no ruling made.

Thomas Rochester, a witness for the State, being cross-examined by counsel for W. L. Howard was asked if he did not say to Anderson and Abe Pittman at a time and place mentioned, that he had sworn lies for Bill Moon and Bill Howard about the killing of Ross; and the witness said he had not. Abe Pittman being afterwards on the stand as a witness for the State and being under cross-examination by Mr. Dean, counsel for appellant, Mr. Dean "asked if he could ask the question now to contradict the witness Rochester. The Court: The proper time to do it is when you call your witnesses. Exception noted for Mr. Dean." The next witness for the State was Anderson Pittman. These two witnesses were afterwards produced by appellant and they testified that the statement denied by Rochester had been made by him.

James I. Earle, a trial justice, testified for the State that he had taken in writing a confession made and signed by W. L. Howard; that he had told Howard that the confession would probably be used against him, and that Howard said it was freely made and without any promises. This witness being recalled by this defendant, testified that the confession was made in the jail; that witness went to the jail at request of Mr. Fisher, who said the prisoner had made such a confession, and Fisher wanted witness to go to the jail and take it down in writing, and witness then went there with Fisher and two others.

William L. Howard did not take the witness stand. The solicitor in his argument to the jury, said in reference to a confession sworn to by Thomas Rochester: "Gentlemen of the Jury: Counsel for the defendant, William L. Howard, have argued that he did not make the confession. Why did he not go upon the stand and deny it? He is present in court, and could have done so." The solicitor further said during his argument to the jury in reference to the confession sworn to by the witness, James I.

Earle : "And, gentlemen, the counsel for the defendant, William L. Howard, have argued that the confession made in the jail was not free and voluntary. Why did he not go upon the stand and deny it? He is here in court, and could have done so if it was not free and voluntary." Upon Mr. Dean objecting to this argument as being unlawful, the presiding judge told the jury that the defendant, W. L. Howard's not going on the stand was not to prejudice his case, as he had the right to go or not.

So much of the charge as has any bearing upon the points made on the appeal was as follows :

In one of the confessions of William L. Howard you will recollect that he states that he was present at the commission of this offence, but he was there by force and threats, which had been made against him by William M. Howard. While I have said that that confession does not affect William M. Howard at all, it becomes my duty to charge you this on that branch of the case. As a general rule it may be said that actual physical force exempts from punishment. There is no doubt but that actual force upon the person and present fear of death are a legal excuse, provided they continue all the time the party remains with the person exercising the force and making the threats. Mere threats, however, to take one's life with nothing more, does not amount to a sufficient excuse for committing a homicide. In all such cases the degree of force must be such as to deprive the party of his free agency, or, in other words, sufficient to overcome the mind of a person of ordinary firmness. You are to consider all the evidence bearing upon this point, and answer the question, whether or not it satisfies you beyond a reasonable doubt that the defendant, William L. Howard, fired the fatal shot, in case you come to the conclusion that he did fire it, by reason of any force or present fear exercised over him by William M. Howard at the time. If this was not the case, then it was not a sufficient excuse.

The defendant, W. L. Howard, having been convicted and sentenced, appealed upon the several grounds stated in the opinion.

*Messrs. A. H. Dean* and *Shuman & Mayfield,* for appellant.

*Mr. Ansel,* solicitor, contra.

February 1, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. At a term of the Court of General Sessions for Greenville County, in July, 1890, the three defendants were tried upon an indictment charging William L. Howard and William M. Howard with the murder of Benjamin Ross, and William H. Moon with being accessory before the fact to said murder. The defendants, William M. Howard and William H. Moon, were acquitted and the defendant, William L. Howard, was convicted of murder, and the sentence of death duly pronounced. William L. Howard now comes to this court and asks that the judgment of the court below shall be reversed, and for cause exhibits eight grounds of error. We will examine them separately.

His first ground of appeal : "Because his honor, the presiding judge, erred in holding that the defendant, William L. Howard, must cross-examine the witnesses for the State in advance of the cross-examination of said witnesses by the defendants, William M. Howard and William H. Moon." In the outset of the investigation of this alleged error on the part of the Circuit Judge, it may be stated that there is no statute law in this State for the regulation of trials where two or more defendants are jointly tried. It must be apparent that there should be some power to control the details of trials, and it would seem that the presiding judge in the court below, by reason of his exalted position and entire freedom from bias or prejudice, should be that power. While this precise point has not been presented to this court for determination, yet quite a number of cases similar in spirit and scope have been decided, and uniformly this court has held that the matters of detail of trials in both the Courts of General Sessions and Common Pleas should be confided to the wise discretion of the Circuit Judge. See the cases of *Mathews* v. *Heyward,* 2 S. C., 239; *Cantey* v. *Whitaker,* 17 *Id.,* 527;

*State* v. *May*, 33 *Id*., 44. We must, therefore, overrule this ground of exception.

The second ground of appeal is: "Because his honor erred in holding that the defendant, William L. Howard, must put up the witnesses for his defence in advance of the witnesses for the said defendants, William M. Howard and William H. Moon." We must overrule this ground of exception upon the very line of thought presented in the consideration of the first ground of appeal herein.

Defendant's third ground of appeal is: "Because his honor erred in holding that the defendant, William L. Howard, could not, on the cross-examination of Abraham Pittman and Anderson Pittman, witnesses for the State, contradict Thomas Rochester, a witness who had been previously examined on behalf of the prosecution, the said William L. Howard having on the cross-examination of this witness, so previously examined, laid the foundation for such contradiction." This question has received of this court very careful examination. Cases in our court of last resort have settled the right of a full cross-examination of adverse witnesses. Our own court, in *Kibler* v. *McIlwain*, 16 S. C., 556, say: "This question, strange to say, does not seem to have been distinctly decided in this State, though in the case of *Clinton* v. *McKenzie* (5 Strob., 41), it seems to be assumed that the rule is different here from that established by the Supreme Court of the United States, and that here a witness may on his cross-examination be interrogated as to any fact pertinent to the case, 'whether the examination be directed to qualify, neutralize, or *discredit* the testimony which the witness may have given in his examination in chief, or to lay the foundation for his defence in any new matter in the knowledge of the witness,' and this, so far as we have been able to learn, is the rule that has very generally prevailed in this State. It is conceded by Greenleaf, in the section above cited, that this is the rule in England, and there counsel in the cross-examination of a witness are permitted to ask questions bearing upon the whole case, so as to bring out matters of independent defence, and are not confined to the matters testified to in the examination in chief. * * * We think also that this rule has the sup-

port of reason as well as of authority." And the authority of this deliberate decision has not since been questioned by this court, and, of course, all other courts in this State are bound to observe it. It will be found by examination that this question was thoroughly considered by this court in the case of *State* v. *McNinch* (12 S. C., 89), where it is said: "The power of cross-examination has been justly said to be one of the principal, as it certainly is one of the most efficacious, tests which the law has devised for the discovery of truth." So that when the Circuit Judge denied the defendant the right to cross-examine the State's witnesses fully and freely, and especially on the matter embraced in the exception, he was in error.

But it is contended that this error was obviated or cured by the defendant's's having caused the two witnesses in question to be examined on his own behalf. It is needless to protract this · inquiry on this particular point, for this court has, in at least three instances in the last decade, directly and unequivocally decided that this error is not so removed. In the case of *State* v. *McNinch*, *supra*, in 1879, it was so held. Then, too, in *Dillard* v. *Samuels* (25 S. C., 319), and in *Willoughby* v. *Northeastern R. R. Co.* (32 *Id.*, 410), the court emphasized this rule. Too much care cannot be observed by prosecuting officers in adhering to the requirements of the law in these particulars; for no matter how strong the proofs of guilt may be made, yet when it is in the power of the defendant to invoke for his protection from punishment such palpable errors in his trial below, this court must readily respond to his appeal. We are obliged, therefore, to sustain this ground of appeal.

The fourth ground of appeal, "Because it was error for the solicitor during his argument to comment unfavorably upon the fact that the defendant, William L. Howard, had not gone upon the stand to testify in his own behalf, by saying, 'Gentlemen of the Jury: The counsel for William L. Howard have argued that he did not make the confession. Now, gentlemen, if he did not make the confession, why did he not go upon the stand and deny it? He is present in court and could have done so.'"

This is the first instance where this court has been called upon

to decide this delicate question.    As we understand the present inquiry, it will require us to compare the constitutional right, so to speak, of a defendant in a criminal prosecution, with that provision in the General Statutes of this State touching his right to testify.    Article I., section 13, of the State Constitution provides: "No person shall be compelled to accuse or furnish evidence against himself."    Section 2643 of the General Statutes of this State reads: "In the trial of all criminal cases the defendant shall be allowed to testify (if he desires to do so, and not otherwise) as to the facts and circumstances of the case."    To our minds, these two provisions, one of our constitution and the other of our statute law, look to an absolute freedom of defendants, in all criminal cases, as to testifying; the former indicates that such an one shall not be forced to testify, while the latter is purely permissive, provided he chooses to do so.    This being the case, it almost of necessity follows that nothing shall result to his prejudice from a failure to testify.

We cannot regard the utterances of the solicitor in his argument otherwise than as trenching upon these provisions of the law that the prisoner lawfully invokes for his protection.    Such being our view of the law, we lay it down as a rule that however innocently done by a solicitor, or however praiseworthy his motives in so doing, it is an unwarrantable line of argument.    In this connection, however, we may add that the Circuit Judge checked any ill resulting to the defendant therefrom by promptly charging the jury that it was the right of the defendant to testify or not as he might choose, and that no inferences to his prejudice should result therefrom.    We therefore in this instance overrule this ground of appeal.    And we may add in this connection that many errors of counsel might be fraught with evil consequences if not corrected by the Circuit Judge.    No doubt, this line of conduct has been suggested to the minds of the prosecuting officers by the language of Chief Justice Dunkin in the case of *The Greenville and Columbia Railroad Company* v. *Partlow* (14 Rich., 237), where he in effect stated that it was not error in the Circuit Judge who tried that cause, when he commented unfavorably upon the failure of the defendant to testify in his own behalf.    We should remember, however, that that was on the

civil side of the court, and was not therefore hedged about by the safeguards, both constitutional and statutory, now thrown about one charged with crime.

As to the fifth ground of appeal, it may be dismissed with the remark that it is substantially that contained in the fourth ground already considered, and for the same reasons just given, it is dismissed.[1]

The sixth ground of appeal: "Because his honor erred in charging the jury as follows: 'A mere threat to take one's life, however, with nothing more, does not amount to a sufficient excuse for committing homicide.' When, it is respectfully submitted, that it was for the jury to say from the evidence whether or not the threats were sufficient to overcome the mind of the defendant, William L. Howard, having regard to the character for violence of the person making such threats." We cannot see that there is error in the charge of the judge in this matter. Surely the blood-thirsty should not receive such a sanction of the law as the converse of this proposition involves. We repeat that it was not error in a Circuit Judge to say that such a threat, with nothing more, would not be a sufficient excuse for committing homicide. This ground of appeal is dismissed.

As to the seventh ground of appeal, "Because his honor erred in charging the jury as follows: 'In all such cases the degree of force must be such as to deprive the party of his free agency, or, in other words, sufficient to overcome the mind of a person of ordinary firmness;' when it is submitted that the question for the jury to decide was whether or not the force was sufficient to overcome the mind of the defendant, William L. Howard, regardless of the fact whether or not he was a person of ordinary firmness." This is a general remark of the

---

[1] The fifth ground of appeal was as follows:

V. Because it was error for the solicitor during his argument to comment unfavorably upon the fact that the defendant, William L. Howard, had not gone upon the stand to testify in his own behalf, by saying: "And, gentlemen, the counsel for William L. Howard have argued that the confession made in the jail was not free and voluntary. Why did he not go upon the stand and deny it? He is here in court and could have done so if it was not free and voluntary."

Circuit Judge, intended by him to serve as an explanation of the general requirements of the law, avoiding, as he did, any reference to the defendant personally. If counsel for the appellant seriously desired the charge of his honor on this point, they should have pursued the plan usually adopted for that purpose, namely, preferred a request for such a charge. We find no merit in this ground of appeal, and it is therefore dismissed.

Lastly, as to the eighth ground of appeal, "That his honor, the presiding judge, erred in allowing the confessions made in the jail by William L. Howard to go to the jury, when it appeared that the confession had not been made in the first instance to James I. Earle, the witness testifying to the same, but that it had been made to one Fisher, who came and got said Earle to take it down in writing, the said Fisher not having been put on the stand by the State to show that the confession was free and voluntary." We have examined the "Brief" carefully, and we fail to discover any error in the conduct of the Circuit Judge in the matter complained of. Mr. Earle's testimony shows that the prisoner knew what he was doing and that it might be used against him on his trial. We know of no rule of law that compels either a solicitor or a Circuit Judge to inquire as to how many persons the prisoner has already made confessions to, before making that which is presented to the court by a competent witness. Of course, the general rule relating to confessions is, that the trial judge must be satisfied that the same is voluntary, not induced by fear or hopes improperly excited. When, however, his judicial discretion is satisfied, it is competent and proper for him to admit such confessions to appear in evidence. In thus declaring the law, we but follow the course prescribed and pursued in our courts from time immemorial. This ground of appeal must be dismissed.

The appellant here having shown error of law in the court below in one particular, he is entitled to a new trial. The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.