COLLINS PARK AND BELT RAILROAD CO. *v.* WARE.

1. Improper conduct on the part of counsel in making an unauthorized statement of fact in the hearing of the jury is not to be corrected by "ruling out" the statement, but by instructing the jury to disregard the same, or by declaring a mistrial if, on account of the grossness or seriousness of the impropriety, the ends of justice so require.
2. Though the petition of a husband in an action for the loss of his wife's services, occasioned by personal injuries tortiously caused, may not allege that a particular physical infirmity resulted from such injuries, proof thereof may be received if, during the progress of the trial, the same becomes collaterally pertinent.
3. Overruling an objection made generally to specified evidence is in no event cause for reversing a judgment, unless it appears that the objection was good as to all of such evidence.
4. When, in the trial of such an action, there was evidence to warrant a finding that the injuries of the wife were permanent, the mortality and annuity tables were properly admitted in evidence.
5. There was no error in rejecting or in admitting evidence; it does not appear that the verdict was excessive or unwarranted, and there was no error in denying a new trial.

Argued January 4, — Decided January 26, 1901.

Action for damages. Before Judge Reid. City court of Atlanta. December 23, 1899.

*C. J. Simmons, J. A. Anderson,* and *C. L. Pettigrew,* for plaintiff in error. *G. L. Bell* and *Rosser & Carter,* contra.

LEWIS, J. This was a suit by A. J. Ware against the Collins Park and Belt Railroad Company, instituted in the city court of Atlanta, for damages resulting from injuries sustained by the plaintiff's wife in consequence of the alleged negligence of the defendant company. The petition alleged, in substance, that plaintiff's wife, while a passenger on one of defendant's cars, attempted to alight therefrom, and caught the heel of her shoe on a screw intended to fasten to the floor of the car the fender over the wheel, the screw in question having been negligently allowed to work up until it protruded for a half inch or an inch above the floor of the car; that she was in consequence thrown violently upon the ground and rocks of the street, and was severely and permanently injured; that the injury was not the result of any negligence on the part of plaintiff's wife, but was due to the negligence of the defendant company or its employees, in leaving the screws in an unsafe condition, and in failing to keep the fenders of its car properly fastened down and confined to the floor. The defendant denied all the allegations of negligence on its part, and further pleaded that plaintiff's wife, by the exercise of ordinary care, could have avoided the injury which she sustained, that her own negligence caused the injury, and that the injury was an unavoidable accident unmixed with defendant's negligence. The jury returned a verdict for the plaintiff for $1,000. Defendant made a motion for a new trial, to the overruling of which by the court below it now excepts.

1. Besides the general grounds that the verdict was contrary to law and the evidence, plaintiff in error complains that the court erred in allowing counsel for the plaintiff below, while inquiring of a witness as to the condition of Mrs. Ware's eyes, to state in the presence of the jury that "the doctor did swear that the injury to the eyes was sympathetic." The contention is, "that the failure of the court to rule out said statement was error." Even conceding that the conduct of counsel in making this remark was improper and harmful, it simply amounted to an unauthorized statement of fact by an attorney in the hearing of the jury. Such an impropriety is not to be corrected by "ruling out" the statement, but by instructing the jury to disregard the same, or, if the ends of justice so require, by declaring a mistrial.

2. Another ground in the motion for a new trial was, that the court erred in allowing one of the witnesses for the plaintiff below

to testify that a very dim light was kept burning in Mrs. Ware's room on account of her eyes, the objection being that the plaintiff did not allege in his petition that his wife had sustained any injury to her eyes. It appears from the record that on the trial the defendant attempted to show that Mrs. Ware had not been seriously injured, and was in no wise incapacitated from doing her ordinary household work. To this end men were employed to watch her room at night, and these witnesses swore that the room occupied by Mrs. Ware was very dimly lighted. The evidence objected to was introduced for the purpose of removing any suspicion of fraud that might attach to plaintiff on account of this dim light, and also as tending to show that the witnesses were in error as to the identity of the woman whom they testified to having seen actively engaged in work about the house. This testimony was collaterally pertinent, and as such was admissible.

3. Complaint is made in the motion for a new trial that the court erred in allowing plaintiff's counsel to read in evidence part of the depositions of a witness, as follows : " They tried to prop her up, and it seemed to hurt her. I never heard Mrs. Ware say anything about her suffering, only she suffered a great deal with her hip. I never heard her say much about her suffering. She just complained with her hip. . . I know she said that the side that was up was her sore side, and I know she couldn't bear any of us to touch the covering. That is what she said, and that is all I know about it. She just hollered if anybody touched it. If they just moved the cover on the bed she couldn't stand it, it seemed like. That is what she said. All I know is what she said." It is claimed that this should have been ruled out, as it was not part of the res gestæ, and was not admissible for any purpose, being purely hearsay. It seems that all the testimony quoted, except the clause "it seemed to hurt her," came out on the cross-examination by defendant's counsel. Another ground of the motion for a new trial alleges error in the court's allowing a witness for the plaintiff to testify : "When one of these cars is advancing in either direction and the brake is applied violently to the car, it will draw that end of the car down and will make the wheels project up against the cover, and that has a tendency to press it up at the rear end of the flange, that is, the opposite end of the flange from the way the car is going. The effect of that is a tendency to pull the screws out.

I noticed at least three of these cars in that condition in the months of May and June of last year." The same ground of the motion goes on to enumerate a number of other things that this witness said, some of which may not have been admissible, but the portion of the evidence just quoted, if not all of the testimony of the depositions that was objected to, was clearly pertinent. But, even if a portion of this testimony were inadmissible, it is well settled that overruling an objection made generally to evidence is in no event cause for reversing a judgment, unless it appears that the objection was good as to all of such evidence.

4. It is also contended that the court erred in permitting the introduction by plaintiff of the mortality and annuity tables, the objection being that this suit was brought by the husband, and not by the person alleged to have been injured, and that therefore the evidence was inadmissible. We think that the court below was clearly right in overruling this objection. There was sufficient evidence to authorize the jury to infer that the injury to the wife was permanent, and the mortality and annuity tables were properly admitted with a view to throwing light upon the extent of the damage which the husband had suffered in consequence of the injury to his wife.

There are in the motion for a new trial several other allegations of error in admitting or rejecting evidence, but we see nothing of sufficient importance to require any discussion of these grounds, none of which show any error on the part of the court below.

5. Another ground in the motion is that the verdict was excessive, and not warranted by the evidence. After a careful examination of the record, we do not deem such to be the case, and we therefore conclude that the court below did not err in overruling the motion for a new trial.

<em>Judgment affirmed. All the Justices concurring.</em>