## CAESAR v. THE STATE.

ATKINSON, J. This case, upon its facts, is controlled by the decision of this court in *Minor* v. *State,* 120 *Ga.* 490; and a new trial is ordered solely because of the improper argument of counsel for the State touching the failure of the accused to avail himself of his privilege of making a statement to the jury in his own behalf.

*Judgment reversed. All the Justices concur.*

Argued February 19,—Decided March 22, 1906.

Accusation of selling liquor. Before Judge Park. City court of Sylvester. January 1, 1906.

A verdict of guilty having been rendered against the accused, he

made a motion for a new trial, which was overruled, and he excepted. The motion was on the general grounds, and on various special grounds, among which was the following: "When the evidence was in, and during the argument of the solicitor of the city court, he used the following language: 'Gentlemen of the jury, the defendant has made no statement in this case; and while this is not to be taken against him, his silence being a plea of not guilty, yet when we put up witnesses on the part of the State who testify positively to facts that make him guilty of the offense charged, and shows that he could explain, deny, or disprove the facts testified to if they were not true, his failure to do so is a circumstance that may be considered by the jury in determining whether he is guilty.' 'There he sits, gentlemen of the jury, and, in the face of this testimony, has not offered to make any explanation whatever.' Counsel for defendant moved the court that a mistrial be declared on account of this improper argument of State's counsel; that the fact that defendant had made no statement should not be commented on at all by State's counsel. The court overruled the motion to declare a mistrial, and stated that he would give the jury proper instructions in his charge; and State's counsel then remarked to the jury that the silence of defendant was not to be taken against him. . . . The overruling of the motion of defendant to declare a mistrial is here assigned as error." In the charge of the court to the jury, they were instructed that the accused "has a right to make a statement or to remain silent. The fact that he does not make a statement is not to be taken either for or against him; it is merely a plea of not guilty."

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton,* solicitor, contra.