BARKER *et al. v.* THE STATE.

LUMPKIN, J.    1. That a person accused of a crime does not make a statement is not a proper subject of comment by the prosecuting attorney; nor should he, in the presence of the jury, call on the prisoner's counsel for an explanation of the failure to make a statement. Where this has been done, on application duly made the court should grant a mistrial, or at least obviate any injurious effects by appropriate instructions, if this be practicable. *Minor* v. *State*, 120 *Ga.* 490; *Caesar* v. *State*, 125 *Ga.* 6.

2. Evidence that an accused person played cards, with nothing to show that money or other thing of value was bet, will not warrant a verdict convicting him of gaming.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted December 17, 1906.—Decided January 15, 1907.

Petition for certiorari. Before Judge Mitchell. Tift superior court. October 3, 1906.

Barker and Bell excepted to the refusal of the judge of the superior court to sanction their petition for certiorari. From the petition it appeared, that the petitioners were convicted in the city court of Tifton, under an accusation of gaming, and that the evidence introduced on the trial was to the effect that police officers discovered them at night in a closed house, playing a game of cards named "five up," but that no money was seen. It appeared also that the prosecuting attorney, in his argument to the jury, said, that while he was not allowed to comment on the failure of the defendants to make a statement, he would call on Mr. Smith (their attorney) to explain it in his closing argument to the jury; that the defendants' attorneys objected to this statement of the prosecuting attorney and requested him to withdraw it, but he refused to do so, and they were asked by the court not to interrupt the argument again. The petition alleges, among other assignments of error, that the verdict was without evidence to support it, and that the court erred in failing to declare a mistrial, or rebuke the prosecuting attorney, or instruct the jury in reference to his remark as above set out.

*C. C. Hall* and *R. D. Smith*, for plaintiffs in error.

*W. E. Thomas*, solicitor-general, contra.