## 12108

### STATE v. ROUSE

#### (135 S. E., 641)

1. WITNESSES—DEFENDANT'S RIGHT TO CROSS-EXAMINE WITNESS, WHO WAS TAKEN FROM STAND BEFORE HIS EXAMINATION WAS COMPLETED AND NOT AGAIN RECALLED, HELD WAIVED.—Where State's witness, whose testimony was not expected, was taken from stand with consent of defendant's counsel, because his examination could not then be completed, with understanding that cross-examination would be later allowed, was not again called, nor any request made by defendant's counsel that he be called, *held* right to cross-examine was waived.

2. WITNESSES—RIGHT TO CROSS-EXAMINE WITNESS MAY BE WAIVED BY DEFENDANT'S COUNSEL.—Counsel for defendant may waive right to cross-examine witness.

3. CRIMINAL LAW—DEFENDANT'S CHARGE HELD TO SUFFICIENTLY COVER REQUESTED CHARGE AS TO RIGHT TO ACT ON APPEARANCES.—Requested charge as to defendant's right to act on appearances *held* sufficiently covered by charge given.

4. CRIMINAL LAW—ANY RIGHT TO HAVE CHARGE GIVEN IN PARTICULAR LANGUAGE OF REQUEST HELD WAIVED.—Conduct of defendant's counsel *held* waiver of any right to have charge given in particular language of request.

Before DENNIS, J., Aiken, October 1925.    Affirmed.

Joe Rouse was convicted of manslaughter and he appeals.

The following is the portion of the Court's charge relating to defendant's right to act on appearances:

A man is not required to do more than act on appearances. If a person is attacked by another with a pistol that is unloaded he can act on appearances and defend himself. For instance, a man attacks another with a pistol that is unloaded, and it is pointed at him in a threatening manner, he has a right to act on appearances. He has not got to take the chance to find out if it is loaded or not, but he acts on appearances, and if those appearances are such that would lead him to believe that his life was in danger, and if the circumstances are such as would make or cause a man of reasonable prudence and judgment to think the same thing, then he would be justified in acting on those appearances. We have in our Courts a guide. We do not take a very nervous person that would shoot or strike too quick as an example. Neither do we take a man who is calm and cool, and who will stand by and wait too long, but we take the ordinary man, and we judge the conduct of a defendant by that reasonable standard.

As a matter of fact, where a man is on the public highway, he has a right to be there, and what I have said to you about retreating or avoiding by escaping the necessity to kill—he has not got to increase his danger—therefore, in the public highway he has not got to retreat, if the appearances are such that to do so would increase his danger.

*Mr. R. L. Gunter,* for appellant cites: *Defendant entitled to be confronted by witnesses against him:* Const. 1895, Art. 1, Sec. 18. *Right of defendant to cross-examine witnesses against him:* 134 S. E., 885; 133 S. C., 491; 35 S. C., 197; 12 S. C., 89.

*Messrs. B. D. Carter, Solicitor,* and *Hendersons & Salley,* for respondent cite: *Defendant in capital case cannot waive right to trial by jury of twelve men:* 133 S. E., 285. *Right of defendant to be present at his trial in felony case extends only to original matter:* 68 S. C., 321; 43 S. C., 57; 36 S. C., 504; 83 S. E., 645; 80 S. E., 1016; 59 L. Ed., 986; 25 S. E., 783; *Right of cross-examination may be waived:* 133 S. C., 491. *Cases distinguished:* 38 S. C., 258; 35 S. C., 199; 12 S. C., 89.

November 24, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appellant, Joe Rouse, indicted for the murder of John Hankinson, was tried in the Court of General Sessions for Aiken County by his Honor, Circuit Judge E. C. Dennis, and a jury, and was convicted of manslaughter.

The appellant asks that the judgment and sentence below be reversed, and to that end he has two exceptions.

One of the witnesses called to testify on the part State, in developing its case in chief, was James Blackman. It appears that the testimony of the witness was not as the prosecuting attorneys expected it to be. Either the witness knew little, or was inclined to make statements favorable to the defendant. It developed that he had formerly made an affidavit before W. M. Smoak, Esq., an attorney and notary public, and that the contents of this affidavit did not agree with his testimony on the witness stand. On the ground that the witness might be hostile or an unwilling witness, the presiding Judge in-

dicated that he would permit the State to cross-examine the witness. It was discovered that the affidavit was not in the courtroom and was probably in Mr. Smoak's office, and Mr. Smoak was requested to go for it. The assistant counsel for the State thereupon made this statement to the Court:

"While Mr. Smoak has gone for the affidavit I will take him (the witness) down off the stand, and put up another witness, and then they can cross-examine him later on."

In reply to that announcement, James F. Byrnes, Esq., one of the attorneys for the defendant, said: "I have no objection to that." Thereupon the Court ordered the witness to leave the stand. Following this incident, 10 witnesses were examined by the State, then several witnesses testified for the defendant, and the State put up several witnesses in reply. The witness Blackman was not recalled to the witness stand. No request·that he be put back for further examination was made by the prosecution or the defendant, and the Court's attention was not called to the failure to have the witness recalled for examination.

The incident related is made the basis of the defendant's first exception. It is urged that the defendant had the constitutional right to cross-examine the witness, and that he was prejudiced by not being allowed that privilege. Counsel for the appellant in support of this contention, refers us to the cases of *State v. McNinch,* 12 S. C., 89; *State v. Howard,* 35 S. C., 197; 14 S. E., 481; *State v. Bigham,* 133 S. C., 491; 131 S. E., 603; and the very recent case of *State v. Hester,* 134 S. C., 885.

The declarations made in the *McNinch case* by Mr. Associate Justice Haskell, which were concurred in by Chief Justice Willard and Associate Justice McIver, were, indeed, strong as to the right of cross-examination by a defendant in a criminal case. A close reading of the opinion, however, will show that, in the trial of the case, the witness, one Grimes, was allowed to be withdrawn at

the instance of counsel for the prosecution, *although the
defendant insisted on his right to cross-examine, which
was not allowed.*

In the *Howard case,* where the defendants were charged
with the killing of one Ross, when a witness for the State,
Rochester by name, was being cross-examined by counsel
for the defendants, he was asked if he had not stated to
Anderson and Abe Pittman, at a time and place mentioned,
that he had sworn lies for Bill Moon and Bill Howard
about the killing of Ross; and the witness said he had not.
Afterwards, when Abe Pittman was on the stand as a
witness for the State, on his cross-examination by the de-
fendants, it was sought to contradict by him the witness
Rochester. The trial Judge held that the proper time to
do this was when the defendants called their witnesses.
It is indicated that the same thing occurred when Ander-
son Pittman was on the stand for the State. Later Ander-
son Pittman and Abe Pittman were offered as witnesses
for the defendants, and they testified that the statements
denied by Rochester had been made by him. Citing the
*McNinch case* as authority that the defendant, who was
convicted, had been prejudiced, and that this prejudice had
not been cured by the fact that the two witnesses in ques-
tion had been later examined by the defendants, this Court
held:

"So that when the circuit Judge denied the defendant
the right to cross-examine the State's witnesses fully and
freely, and especially on the matter embraced in the ex-
ception, he was in error."

In the *Bigham case,* George Steele, witness for the State,
died after giving his evidence in chief. This Court held
that the defendant had not waived his right to cross-ex-
amine the witness, and that such right had been denied by
an act of God, and held that under the circumstances a
mistrial of the cause should have been ordered.

In the *Hester case*, the State through witnesses presented by it, offered and read to the jury an affidavit of an alleged accomplice in the crime, charged against the defendants on trial, in the face of protest made by the defendants. This Court held there was error, and one of the reasons for so holding was that the defendants had not been permitted the opportunity to cross-examine the maker of the affidavit.

It will be observed that in the four cases to which we have referred, upon which the appellant depends, there was no waiver on the part of the defendant to his right of cross-examination. On the other hand, it appears that in each of these cases the defendant insisted upon the exercise of that right, and that the right was denied.

In the *Bigham case,* Mr. Justice Watts, speaking for the Court, said this:

"It is uniformly held that the constitutional right to cross-examine, *unless waived* [italics added], * * * cannot be denied. * * *"

And he approved this from the *McNinch case:*

"But the right to cross-examine is one which must remain inviolate. *To take it away* [italics added] would render almost valueless the constitutional right 'to meet the witnesses against him face to face.' Const. Art. 1, § 11 (Section 13). It is the law of evidence that, 'when a witness has been examined in chief, the other party *has a right to cross-examine him.'* [Italics added.] Greenl. Ev. § 445."

It seems to us, therefore, that, while the right of an accused to cross-examine the witnesses against him is sacredly regarded under our decisions, yet there has been, so far as we are advised, no direct holding that such right cannot sometimes be waived by him. This seems to be the general rule as laid down in Ruling Case Law, for there this principle is announced:

"The right to be confronted by witnesses against him is a personal privilege of which every defendant may avail himself, or which he may waive as he may see fit. The waiver may be either by express consent, by failure to assert it in time, or by conduct inconsistent with a purpose to insist on it." 8 R. C. L., par. 47, p. 89.

In the same paragraph of the same authority, it is also stated:

"A waiver by the defendant's counsel is a waiver by the defendant. This rule is all but universal, though in some jurisdictions the right cannot be waived, except by a defendant in person."

We know of no case in this State which holds that the right to cross-examine cannot be waived by the attorney for the defendant; and we think, under the practice of our State for many years, where attorneys have generally directed the cross-examination of witnesses for their clients, that it is right for us to hold that the attorney may make the waiver.

Accordingly the queston here for determination is, Did the defendant, by his counsel, waive the right to cross-examine the witness Blackman *"either by express consent, by failure to assert it in time, or by conduct inconsistent with a purpose to insist on it?"*

We think the answer should be in the affirmative for these reasons. When counsel for the prosecution requested to be allowed to take the witness off the stand, with the statement that the defendant could cross-examine him later on one of the counsel for the defendant, Mr. Byrnes, evidently with the consent of Mr. Gunter, his associate counsel, stated positively that there was no objection to the request which was made. At no time was any request made that Blackman be called for cross-examination. At no time was the trial Judge or Solicitor reminded that the witness had not been called back to the stand. There was no motion for a new

trial because of the failure of the defendant to have the right to cross-examine the witness. The defendant did not insist upon his right as was done by the respective defendants in the *McNinch* and *Howard cases*. There was no protest that the defendant's right was being violated as occurred in the *Hester case*. There was no act of God which deprived the defendant of the right of cross-examination, as happened in the *Bigham case*. We cannot but feel that, if the defendant had called to the Court's attention that he desired to cross-examine Blackman, the trial Judge would have readily ordered the witness returned to the stand. Under the circumstances, without the defendant having made request therefor, it is our opinion, there was no reversible error on the part of the Court.

3, 4 The defendant presented several written requests to charge. After delivering his general charge, the trial Judge charged defendant's fifth exception just as it was presented. After doing this, he stated: "I believe, Mr. Gunter, I have covered the others in the general charge without using the exact language." Mr. Gunter responded: "I think so, your Honor." Following this, the Judge further instructed the jury, and then addressed to counsel an inquiry, if there was "anything else." Mr. Gunter thereupon called his Honor's attention to the fact that there had been no charge as to "reasonable doubt." Judge Dennis then charged on that subject. Mr. Gunter then called to the attention of the Court a legal proposition as to the presumption of malice and the overcoming of that presumption. To this proposition the Court agreed, and charged the jury thereon.

The defendant had presented, among his requests, one pertaining to the right of a person to act upon appearances. This request, in the language of the defendant, was not charged by the Court, and the defendant takes the position that the request contained a sound proposition of law, and

that the principles therein stated were not fully covered by the general charge, and he urges that failure to charge the request was error. For two reasons, we think the position taken is not tenable. The first is that the general charge of the Judge did cover the right of one to act on appearances. The second is that the defendant's counsel, by the words and conduct related hereinbefore, waived any right to have the Judge charge the request in the particular language of that request. *State v. Bethune,* 86 S. C., 143; 67 S. E., 466; *State v. Hendrix,* 86 S. C., 64; 68 S. E., 129; *State v. Chastain,* 85 S. C., 64; 67 S. E., 6; *State v. Adams,* 68 S. C., 421; 47 S. E., 676.

The judgment of this Court is that the exceptions of the defendant be overruled, and that the judgment of the lower Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.