## 21117. WHITE v. THE STATE.

DECIDED MARCH 31, 1931.

*John I. Kelley, Walter A. Sims,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, William Schley Howard,* contra.

BROYLES, C. J. ■ The bill of exceptions in this case recites that when the "case was called for trial the defendant interposed a plea in abatement, which said plea in abatement, after being heard by the presiding judge, was overruled on each and every ground thereof, to which ruling of the court the defendant did then and there except, and filed his exceptions pendente lite in said case, which were duly certified and filed as provided by law." Under repeated rulings of the Supreme Court and of this court, the bill of exceptions should have contained a direct and present assignment of error, either on the exceptions pendente lite or on the ruling therein complained of. The statement that when the ruling was made "the defendant did then and there except, and filed his exceptions pendente lite," is not a proper or sufficient assignment of error on the exceptions pendente lite, or upon the ruling therein complained of, and this court can not consider the exceptions pendente lite or the rulings excepted to therein. This ruling applies also to the exceptions pendente lite filed to the judgments denying the defendant's motion for a change of venue and overruling the demurrer to the indictment, as the bill of exceptions contains no sufficient assignment of error on either the exceptions pendente lite or the rulings therein complained of.

■ Rulings on a plea in abatement, on a motion to change the venue, or on a demurrer to an indictment, are not proper grounds of a motion for a new trial. Such judgments are matter for direct exception. Under this ruling special grounds 1, 2, and 3 of the motion for a new trial raise no question for the consideration of this court.

■ "While counsel for the State should not argue to the jury from the omission of the accused to make a statement, the effect of such impropriety may be obviated by an appropriate charge from the court." *Robinson* v. *State*, 82 *Ga.* 535 (9) (9 S. E. 528). Under this ruling and the note of the judge in the instant case, the refusal of the court to declare a mistrial, as set forth in special ground 4 of the motion for a new trial, was not error.

■ Under repeated rulings of the Supreme Court and of this court, a ground of a motion for a new trial based upon the refusal of the judge to give to the jury a requested charge must state that the request so to charge was submitted to the court before the jury retired to consider their verdict. This ruling disposes of special grounds 17, 18, and 19 of the motion for a new trial.

■ The remaining special grounds of the motion for a new trial show no harmful error.

■ The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*