## THORNTON *v.* THE STATE.

No. 13320. SEPTEMBER 25, 1940.

*John A. P. Norris* and *G. A. Huddleston,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, W. Y. Atkinson, solicitor-general, W. S. Allen, John P. Atkinson, E. J. Clower,* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

REID, Chief Justice. 1. In the defendant's trial for murder, the evidence for the State which consisted of testimony of eye-witnesses, disclosed that the defendant, with no apparent provocation and under no circumstances of mitigation or justification, approached the deceased while he was plowing in a field and shot him with a gun. The defendant introduced no evidence, and made no statement to the jury. While the reference by the prosecuting attorney, in his argument to the jury, to the fact that the defendant made no statement, "The defendant did not think enough of his defense to make a statement in his own behalf," was improper (*Bird* v. *State,* 50 *Ga.* 585; *Minor* v. *State,* 120 *Ga.* 490, 48 S. E. 198; *Barker* v. *State,* 127 *Ga.* 276, 56 S. E. 419; *Cæsar* v. *State,* 125 *Ga.* 6, 53 S. E. 815; *O'Dell* v. *State,* 120 *Ga.* 152, 154, 47 S. E. 577; *Griffin* v. *State,* 3 *Ga. App.* 476, 60 S. E. 277), the refusal of the judge to declare a mistrial will not in such case be reversed by this court, where it appears that the judge immediately and at length instructed the jury to the effect that a defendant is not required to make a statement unless he sees fit to do so, that the argument of the prosecuting attorney was improper and should not be considered, and that the fact that a defendant does not make a statement should not be considered by them in passing upon the case. *Robinson* v. *State,* 82 *Ga.* 535 (9 S. E. 528) ; *White* v. *State,* 43 *Ga. App.* 96 (157 S. E. 919) ; *Bryant* v.

*State,* 42 *Ga. App.* 248 (155 S. E. 681); *Head* v. *State,* 58 *Ga. App.* 375 (198 S. E. 550); *Lunsford* v. *State,* 60 *Ga. App.* 537 (8) (4 S. E. 2d, 112).

2. In *Lucas* v. *State,* 146 *Ga.* 315 (7) (91 S. E. 72), it was decided that "The prosecuting attorney may, on a trial for murder, argue to the jury that they ought not to sentence the accused to imprisonment, because, if they should do so, there is a chance of his being pardoned by the Governor at some future time." See also *Manchester* v. *State,* 171 *Ga.* 121 (7) (155 S. E. 11); *White* v. *State,* 177 *Ga.* 115 (5) (169 S. E. 499); *Sloan* v. *State,* 183 *Ga.* 108 (187 S. E. 670); *McRae* v. *State,* 181 *Ga.* 68 (181 S. E. 571); *Nelson* v. *State,* 187 *Ga.* 576 (1 S. E. 2d, 641), and cit. In the present case the prosecuting attorney said to the jury that "if this man is given a life sentence he will [sic] be pardoned or paroled by the Prison Board in a few years." The argument was objected to, and the court remarked: "We are not trying the Prison Board. . . That is improper argument." Under the above authorities the statement of the solicitor-general does not require the grant of a new trial. The present case is not distinguishable on the ground that the solicitor-general made a positive assertion of fact that the defendant would be pardoned, whereas in the previous cases, supra, the statement passed on referred only to the possibility of the defendant's pardon. The statement by the prosecuting attorney in the present case was obviously based on mere conjecture. Especially does the complaint fail to require the grant of a new trial, since counsel for the defendant merely objected to the argument, and the objection was sustained by the judge. See *Brooks* v. *State,* 183 *Ga.* 466, 469 (188 S. E. 711, 108 A. L. R. 752).

3. Since, as pointed out, eye-witnesses testified on behalf of the State that they saw the defendant standing near the deceased and immediately thereafter saw him shoot the deceased with a shotgun, thus making out a plain case of wilful murder, and the defendant introduced no evidence and made no statement to the jury, the admission in evidence of testimony of such witnesses to the effect that near the scene of the shooting there were bushes about three feet high, behind which the defendant might have hidden and slipped up on the deceased, even if objectionable, was not so prejudicial, in reference either to his actual guilt or his right to

have the jury to recommend mercy, as requires the grant of new trial. See *Haupt* v. *State,* 108 *Ga.* 60 (2) (33 S. E. 829); *Bone* v. *State,* 86 *Ga.* 108 (4) (12 S. E. 205); *Malone* v. *State,* 77 *Ga.* 767; *Sligh* v. *State,* 171 *Ga.* 92 (154 S. E. 799); *Brannon* v. *State,* 21 *Ga. App.* 328 (94 S. E. 259).

4. The court did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*