## PARKS v. THE STATE.

HAWKINS, Justice. 1. In the trial of a criminal case in which the accused fails to make an unsworn statement, it is improper and calculated to injure the accused for the State's counsel to argue this fact to the jury, and, unless rendered harmless by appropriate action and instruction by the trial court, is ground for a mistrial where motion is properly made therefor. *Minor* v. *State,* 120 *Ga.* 490 (48 S. E. 198); *Caesar* v. *State,* 125 *Ga.* 6 (53 S. E. 815); *Barker* v. *State,* 127 *Ga.* 276 (56 S. E. 419). However, the effect of such impropriety may be obviated by a proper charge from the court. *Robinson* v. *State,* 82 *Ga.* 535 (9) (9 S. E. 528).

2. Where, as in this case, the remark made by one of State's counsel, "The defendant did not even make a statement in his own behalf," and the court immediately rebuked counsel by stating, "Do not refer to that any more", and in immediate connection therewith instructed the jury: "Gentlemen, you will not take into consideration the fact that the defendant did not say anything denying or admitting his guilt. He pleaded not guilty, the burden is on the State to show he is guilty beyond a reasonable doubt. Do not consider that fact that he didn't make a statement", and thereafter during the charge instructed the jury: "Now, gentlemen of the jury, the prisoner has a right to make a statement to the court and jury if he wishes to. In this case the defendant did not make a statement. You will not consider that he has admitted or plead guilty to any of the charges set out in this bill of indictment. The fact that he sits mum does not mean that he admits his guilt, and you shall not take in consideration the fact that he did or did not make a statement"—the refusal of the trial court to grant a mistrial will not be reversed by this court. In passing upon a motion for a mistrial on account of alleged improper argument or remarks to the jury, the trial judge is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused. *Thornton* v. *State,* 190 *Ga.* 783 (10 S. E. 2d, 746); *Smith* v. *State,* 204 *Ga.* 184, 188 (2) (48 S. E. 2d, 860).

(*a*) The case of *Pelham & Havana Railroad Co.* v. *Elliott,* 11 *Ga. App.* 621 (75 S. E. 1062), relied on by counsel for the movant—wherein it was held in substance that the effects of improper argument, or "of counsel testifying in argument," is always more damaging in proportion to the character and standing of the counsel, and that remarks from an insignificant barrister might be highly improper, but harmless, while the same remarks from one whose learning, character, and ability make him a tower of strength could not be lightly turned aside—is distinguishable from the instant case. There the objectionable remarks by prominent counsel were relative to counsel's knowledge of and belief in the character and credibility of certain witnesses, and had reference to facts within the knowledge of counsel which had not been proven upon the trial; while, in the instant case, the remark of counsel, while improper, did not amount to the introduction of facts not shown by the evidence, but was with reference to a matter which had transpired in the presence of and was already known to the jury.

(*b*) The ruling in *Carter* v. *State,* 7 *Ga. App.* 42 (65 S. E. 1090), relied on

by counsel for the movant, is in accordance with what we here hold. While it is there said that, where the defendant has not made a statement in his own behalf, it is not not proper for the court to give in charge what is now Code § 38-415, relative to the right of the defendant to make a statement, it was also held that such improper reference to this right of the defendant is not harmful or reversible error unless it occurs in such connection as to leave the jury to infer that his failure to make a statement is to be counted against him. The charge above quoted was specifically to the opposite effect.

3. The remaining ground of the amended motion alleges error because the court made reference to the "defendant's statement" in the excerpt from the charge above quoted; and also in the instruction to the jury, that "You take the law as given you in charge by the court, the facts from the sworn testimony in the case, and the defendant's statement, and from the law so given, and the facts thus ascertained, you as honest, conscientious and impartial jurors ascertain what the truth of this case is"; and in another portion of the charge, that "Now, gentlemen of the jury, if, after a careful consideration of the evidence in this case, the rules of law I have given you in charge, including defendant's statement, you believe that the defendant killed the person named in the indictment, Dana Mae Green, with an instrument that, in the manner in which it was used, was a weapon likely to produce death, in the manner therein charged, and without circumstances of justification or mitigation, under the instructions hereinbefore given you, then you would be authorized to find the defendant guilty of murder, as charged in the indictment." It is insisted that reference to the "defendant's statement" in each of these excerpts, when the defendant made no unsworn statement, would tend to give the jury the impression that the defendant's failure to make a statement should count as evidence against him, and "probably and possibly influenced the jury in returning a verdict of guilty, without a recommendation for mercy." The charge quoted in the preceding headnote, and the instruction given to the jury in connection with argument of counsel, were specific instructions to the jury not to consider the failure of the defendant to make an unsworn statement, and the reference by the court to the statement of the defendant in the other portions of the charge excepted to, if construed as applying to an unsworn statement of the defendant under the provisions of the Code, § 38-415, while inapt, could not have been misleading or confusing to the jury, or harmful to the defendant, in view of the specific instructions given.

4. The general grounds of the motion for a new trial are not even insisted on, counsel for the defendant stating in the brief that there was no material conflict in the evidence, and that, after the evidence for the State was closed, there was no question as to the guilt of the defendant. While it is insisted, and correctly so, that it cannot be held as a matter of law that the evidence demanded the particular general verdict of guilty rendered, carrying with it the death penalty (*Glover* v. *State*, 128 *Ga.* 1, 7, 57 S. E. 101; *Jones* v. *State*, 207 *Ga.* 379 (3), 62 S. E. 2d, 187), it cannot be said that the charges complained of could have influenced the jury in returning a verdict without a recom-

mendation for mercy, when the trial court specifically instructed the jury: "If you find the defendant guilty of the offense of murder, you may return one of two verdicts, either a verdict, 'We, the jury, find the defendant guilty,' the effect of which would be the court would sentence the accused to death in the manner and form provided by law; or you may return a verdict, 'We, the jury, find the defendant guilty and recommend mercy.' If that verdict is returned, the accused would be sentenced to life imprisonment in the penitentiary. It is a matter wholly within your discretion. You may or may not make a recommendation to mercy, just as you see fit. You are not accountable to any authority for either making or withholding a recommendation to mercy in a capital felony case. The law vests the exclusive right and authority in the jury to either make or withhold a recommendation to mercy." See, in this connection, *Teague* v. *State*, 208 *Ga.* 459, and cases there cited in division 5 of the opinion.

5. The evidence amply authorized the jury to find that the defendant had committed a premeditated killing, with a shotgun, without any justification, mitigation, or excuse, and to return the verdict complained of. The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 17643. Argued October 9, 1951—Decided November 14, 1951.

*Arthur Bolton* and *W. S. Allen,* for plaintiff in error.
*John J. Flynt Jr., Solicitor-General,* and *R. C. Johnson,* contra.