## 47081. SPANN v. THE STATE.

EVANS, Judge. Defendant was indicted, tried and convicted of two offenses, to wit: burglary and possession of burglary tools. Motion for new trial was filed, amended and denied, and the appeal is from that final judgment. *Held:*

1. Defendant contends the trial judge erred in applying the new sentencing procedure, as authorized by *Code Ann.* § 27-2534 (Ga. L. 1970, pp. 949-951) and he argues that such application would make the statute an ex post facto law; but the Supreme Court of Georgia has held adversely to such contention and we are bound thereby. See *Todd v. State,* 228 Ga. 746 (187 SE2d 831); *Todd v. State,* 125 Ga. App. 841. There is no merit in this complaint.

2. During the trial of the case defendant elected not to make any statement to the jury. While counsel for the State was making his closing argument to the jury, counsel for defendant interrupted, addressed the court, and moved that a mistrial be granted because, as he contended, State's counsel had commented on the fact that defendant had remained silent by stating to the jury that, ". . . we have a man here that has no excuse, and is certainly not a kid." The trial court overruled the motion.

*Code* § 81-1009 provides that where counsel in the hearing of the jury makes statements of prejudicial matter not in evidence, it is the duty of the court to "rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." This statute has been applied time and again to criminal cases. *Thomas v. State,* 129 Ga. 419 (3) (59 SE 246); *Washington v. State,* 87 Ga. 12 (3) (13 SE 131).

In 1962 the General Assembly amended *Code* § 38-415, and among other things, added this sentence: "The failure of a defendant to testify shall create no presumption against him, *and no comment shall be made because of such failure.*" (Emphasis supplied.) It has been held many times that the violation of this statute (and of similar statutes in foreign jurisdictions) is reversible error. See Griffin v. California, 380 U. S. 609 (85 SC 1229, 14 LE2d 106); State v. Howard, 35 S. C. 197 (14 SE 481);

Wilson v. United States, 149 U. S. 60 (13 SC 765, 37 LE 650); *Lackey v. State*, 116 Ga. App. 789, 790 (2) (159 SE2d 188); *McCann v. State*, 108 Ga. App. 316 (132 SE2d 813); *Lynch v. State*, 108 Ga. App. 650 (134 SE2d 526); *Salisbury v. State*, 221 Ga. 718 (5) (146 SE2d 776). Particularly is attention directed to the following authorities, both of which are full bench decisions holding as above, to wit: *Minor v. State*, 120 Ga. 490 (1) (48 SE 198); *Barker v. State*, 127 Ga. 276 (1) (56 SE 419).

As to the trial court's ruling: "your motion is overruled and denied," attention is called to *Collins Park & B. R. Co. v. Ware*, 112 Ga. 663 (1) (37 SE 975). "Improper conduct on the part of counsel in making an unauthorized statement of fact in the hearing of the jury is not to be corrected by 'ruling out' the statement, but by instructing the jury to disregard the same, or by declaring a mistrial if, on account of the seriousness or grossness of the impropriety, the ends of justice so require."

Some confusion has arisen over the question of whether or not, in order to constitute reversible error, the comment on failure of a defendant to testify must be a direct comment, that is, a specific mention of his failure to testify or make an unsworn statement; or whether an indirect reference will suffice. The *Salisbury* case, supra, is a full bench decision by our own Supreme Court, and there no direct reference was made to failure to testify. There, as in the instant case, the court did not reprimand counsel, but as to the motion for mistrial, simply stated, "I overrule the motion." Illustrative of the indirect nature of the State's attack on defendant's failure, the following is quoted as a part of the argument made by State's counsel in the *Salisbury* case: "He hasn't told you where he comes from. He hasn't told you what he does. He hasn't told you where he gets his money, how he gets his money, nor from whom he gets his money. Who is this man? I would say to you if you were on trial and if you work for the Post Office or city, I have been working here ten years, I have been working here such and such

a time, if you did work, and I make so much money. No, this man went in and robbed the place with a pistol. He is a robber." Counsel for defendant then said, "If Your Honor please, I will make a motion at this time. I want to make a motion for a mistrial." The Court: "I overrule the motion." The Supreme Court then holds: "In the absence of any effort on the part of the judge to remove by reprimand or otherwise the injury this remark unquestionably caused the defendant, we think error resulted from the refusal to declare a mistrial." We are not unaware of the recent case by a divided court of four to three of *Mitchell v. State,* 226 Ga. 450 (4) (175 SE2d 545), affirming the trial court on a similar point, squarely on the proposition that State's counsel did not make "direct reference" to failure of the defendant to testify or make an unsworn statement. This case holds (p. 455): "In the trial of a criminal case in which the accused fails to give sworn testimony or to make an unsworn statement, it is improper for State's counsel to argue that fact to the jury. *Minor v. State,* 120 Ga. 490 (1) (48 SE 198); *Barker v. State,* 127 Ga. 276 (1) (56 SE 419); *Parks v. State,* 208 Ga. 508 (1) (67 SE2d 716); *Code* § 38-415, as amended by Ga. L. 1962, pp. 133, 134. It is the opinion of the majority of this court that since these comments make *no direct reference* to the failure of the defendant to testify or make an unsworn statement, the district attorney was not prohibited from making these comments concerning the evidence in the case, and the trial judge properly denied the motion for mistrial." (Emphasis supplied.)

Mr. Justice Mobley's dissenting opinion, concurred in by two other Justices, states: "It is my opinion that the questions of the district attorney, 'Has he *told* you why he wasn't home? . . . . Has he *told* you why he went to an address at 111 Millen Street? . . . Why hasn't he *told* you?' (emphasis supplied) amounted to comments on the defendant's failure to take the stand and testify or make an unsworn statement, which comments are prohibited.

The only way the defendant, during the trial of his case, could have told the jury why he was not at home would have been by taking the stand and testifying or making an unsworn statement." But, this case, by a divided bench of four to three, under the rule of stare decisis, must give way to and is controlled by the full bench decision in the *Salisbury* case, supra. As to the rule of stare decisis, the Supreme Court is bound by the oldest unanimous decisions of the Supreme Court on a particular question. *Fidelity-Phenix Ins. Co. v. Mauldin,* 123 Ga. App. 108, 111 (179 SE2d 525). A full bench decision of the Supreme Court is binding on that court until overruled by a full bench decision of said court. *Croker v. Smith,* 225 Ga. 529, 531 (169 SE2d 787). But a ruling of the Supreme Court by a divided bench is not binding on said court. *McCurry v. McCurry,* 223 Ga. 334, 335 (155 SE2d 378). ·

We would also call attention to the case of *White v. State,* 118 Ga. App. 515 (2) (164 SE2d 158), affirming the trial court, on the premise that the remarks of counsel were too indirect to constitute error.

It is argued by the State in its brief that State's counsel construes the statement to mean "that the defendant on trial had no defense." But the fallacy in this argument is that he failed to arise in his place and so inform the jury at the time the motion for mistrial was made; and allowed the jury to construe it in a different fashion. Suppose one, or six, or all of the jurors construed said language to mean reference was being made by State's counsel to defendant's failure to testify? Is justice to rest on such tenuous grounds that the jury *may have understood it* as State's counsel, at this late date, says he construes it? What is the most reasonable construction of the language used by the district attorney? As Justice Mobley states in the *Mitchell* case, supra (p. 456): "It is my opinion that the questions of the district attorney, 'has he told you why he wasn't home? . . . . Why hasn't he told you?' amounted to comments on the defendant's failure to take the stand and testify or make an unsworn

statement." In the case sub judice the jury knew the defendant had not made any statement; what did they think the district attorney was referring to when he said, "We have a man here that *has* no excuse." The defendant is not required to show that the jurors *did actually construe* the statement to mean reference was made to his failure to testify; he simply has to show the jury *could have so construed* the statement. Are we to say that because *it is possible* that the jury may have adopted the State's construction, that we now know no harm resulted to defendant? Are we to say because it is *possible* that he had a fair trial, we will go no further? We do not think so.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*
SUBMITTED APRIL 4, 1972—DECIDED MAY 1, 1972—
REHEARING DENIED MAY 26, 1972.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, William M. Weller, Joel M. Feldman,* for appellee.