FORSYTH, administrator, *vs.* COTHRAN, trustee.

When counsel, in arguing a case, make statements not authorized by the evidence, it is the duty of the court to interpose at the time, especially if its attention is called to the matter. The correction of the error by granting a new trial was proper.

Practice in the Superior Court. New trial. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1878.

Reported in the decision.

D. S. PRINTUP ; WRIGHT & FEATHERSTON, for plaintiff in error.

JOEL BRANHAM ; DABNEY & FOUCHE, for defendant, cited (on remarks of counsel) 27 *Ga.*, 208 ; 46 *Ib.*, 34 ; 25 *Ib.*, 226 ; 10 *Ib.*, 512, 522 ; 11 *Ib.*, 616 ; 55 *Ib.* 504.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury found the property subject to the *fi. fa.* levied thereon. A motion was made for a new trial on the grounds therein stated, which was granted by the court, and the plaintiff excepted.

It appears from the record and bill of exceptions that the court granted a new trial, on the ground of the improper language and statements made by the plaintiff's counsel in his concluding argument to the jury, the attention of the court having been called to the same at the time

by the claimant's counsel. When counsel for either party, in the argument of a cause, makes statements not authorized by the evidence, and wholly irrelevant to the issue on trial, it is the duty of the court to interpose, especially when its attention is called to the matter by the counsel of the adverse party, and have the proper correction made then, instead of making the correction in its charge to the jury, or by granting a new trial, as was done in this case. But as the court has corrected its own error by granting a new trial, we will not interfere to control its discretion in doing so.

Let the judgment of the court below be affirmed.