Lumpkin, Justice.
1. The defendant below was tried for the crime of arson, it being alleged that he maliciously set fire to and attempted to burn a guard-house in the city of Albany. This court, in the case of Jenkins v. The State, 53 Ga. 33, having settled the law that burning a hole in the door, or attempting to buru one through the floor, of a guard-house in an incorporated town, merely for the purpose of effecting his escape and without intending “to consume or to generally injure the building,” neither of such results occurring, did not make one guilty of arson, the court below, on the trial of the case at bar, recognized this rule, and accordingly the main issue submitted to the jury was, whether this defendant at *14 tempted simply to burn a hole in the door of the guardhouse for the purpose of escaping therefrom, or set fire to the house maliciously and with intent to burn it. In its charge to the jury, the court hypothetically alluded to various circumstances connected with the occurrence, which the State contended had been proved, and stated in detail a number of alleged acts on the part of the defendant, and then, in substance, instructed the jury that they should look to the circumstances in proof and to the conduct of the defendant, in determining what his intention was. It is true the judge also charged the jury concerning the defendant’s statement, and informed them they could attach to it whatever weight they saw proper, and believe it in preference to the sworn testimony of the witnesses, but he did not do this in immediate connection with the instructions above referred to. Taking these instructions by themselves, their meaning would be that in arriving at the intention of the defendant, the jury should look only to the facts and circumstances brought out by the testimony; and it may be that they reached their conclusion without taking into consideration what the judge had told them concerning the defendant’s statement. A trained, legal mind would doubtless understand from the entire charge that the judge meant to instruct the jury they might refer to the prisoner’s statement, and if they believed it to be true, might find that it successfully rebutted inferences of guilty intention, if there were any dedncible from the testimony; but the jurors, being unprofessional men and not habitually accustomed to dealing with legal questions, may not have so understood the charge. We do not mean to say that the court below committed absolute error in failing to call the attention of the jury to the prisoner’s statement and the effect which might be given to it, in the same connection with the other charges referred to, or to hold *15 that if in .the case now under consideration the guilt of the defendant plainly and unmistakably appeared, a new trial should be ordered on account of such failure; but we think that in a grave case like this, involving the penalty of death or that of life imprisonment, the safer practice would be as indicated in the first headnote.
2. The charge in the second head-note was manifestly erroneous. It was irrelevant and calculated to prejudice the defendant’s case before the jury. When the judge stated that a man had the same right to burn a hole in a dwelling-house in order to get inside of it that he would have to burn one in a guard-house to get out of it, it is very likely that the jury concluded he had no right at all to do the former, and consequently no right to do the latter, and that having no such right, burning the hole in the guard-house would necessarily be arson. In any view of it we are unable to see how such a charge could aid the jury in arriving at a proper conclusion upon the serious issue they were to determine in this case.
3. It appears that during the concluding argument of the solicitor-general, he alluded to the frequency of burnings throughout the country, and urged upon the jury the importance of strictly enforcing the law in this case. Upon objection' being made to these remarks^ the judge stated he presumed the object of the solicitor-general was not to insist on convicting the defendant because numerous burnings had taken place, but that he merely intended to urge the jury to look carefully into this case and see whether the defendant was guilty or not.. Whereupon the solicitor-general said this was his reason for making the remarks alluded to, and the court ruled that the argument was not out of order.
It is the well-settled policy of this court that counsel in the argument of cases should confine their remarks *16 to the law and the evidence, and that in no instance should they be permitted to comment upon extraneous facts prejudicial to the interests or rights of a party, over his objection, unless such facts be of a kind of which judicial cognizance may be taken without proof. The wisdom of this rule is well-established by numerous and respectable authorities. In Weeks on Attorneys, §112, it is said: “ Counsel must confine themselves to the facts in evidence. This is a rule frequently violated. It is the duty of a court to check any departure from the evidence, and to stop counsel when he introduces irrelevant matters, or facts not supported by the evidence. If an objection be made to this course of argument, it is error for the court to permit it, and a new trial may be granted for such error; but where counsel for the State made comments outside of the evidence and no objection was made, it was held not error.” In Ferguson v. The State, 49 Ind. 33, it was held: “On the trial of an indictment for murder, it is error for counsel for the State, in argument to the jury, to comment on the frequent occurrence of murders in the community and the formation of vigilance committees and mobs, and to state that the same are caused by laxity in the administration of the law, and that they should make an example of the defendant, and for the court, upon objection by the defendant to such language, to remark to the jury that such matters are proper to be commented upon.” Special attention is called to the case of Bennett v. The State, decided at the last term of this court (86 Ga. 401), in which Mr. Justice Simmons delivered an able and carefully prepared opinion reviewing a decision made by the writer while on the circuit bench. The precise question made in that case was concerning the court’s allowing the solicitor-general to comment upon the fact that the defendant had failed to prove his good character, which the court below permitted be *17 cause defendant’s counsel in his argument had repeatedly reiterated that he did have a good character, and alluded to numerous facts in this connection which were not in evidence. This court held that even this improper conduct of defendant’s counsel did not justify the court in allowing the solicitor general to commit a like impropriety. Many authorities are, cited in the case last mentioned, upon the particular subject of the defendant’s character in criminal cases, and the right of counsel, in the absence of proof, to comment thereon ; but the court goes further and comments fully upon the general duty of thejudge to confine counsel in their arguments to the law and, evidence, especially when attempts to do otherwise are objected to by the other side. An extended extract is made from an opinion by Judge Nisbet in Mitchum v. The State, 11 Ga. 615, citing Berry v. The State, 10 Ga. 522, which is full, appropriate and pointed with reference to the question now under consideration. In the case of Tucker v. Henniker, 41 N. H. 317, cited by Justice Simmons, this opinion of Judge Nisbet is cited with approbation; indeed the New Hampshire Justice adopted almost bodily Judge Nisbet’s opinion. Again, in the case of Towner v. Thompson et al., 82 Ga. 740, which was a civil case, Chief Justice Bleckley said: “During the concluding argument, counsel for Thompson stated a fact not in evidence, to wit, that Towner was born in Illinois. This statement was improper, and the request made by opposing counsel to charge directly to that effect, should have been granted; but the charge given, to wit, that the jury should try the case by the evidence, and not by what counsel said in their speeches, was sufficient. No court, however, should tolerate counsel in stating any fact in argument as to which there is no evidence, unless it be some fact which can be noticed judicially without proof; certainly that Mr. Towner was born in Illinois is not *18 one of this class of facts. There should have been no allusion made to it in argument.” A careful review of-all the authorities above cited and referred to will lead to the conclusion that the rule above laid down should be carefully and strictly enforced by the courts. In the case now under consideration, the fact that frequent arsons had occurred in the community, if such was the fact, could have no possible bearing upon the question whether or not the defendant maliciously set fire to the guard-house in Albany. The only effect that the making of such a statement by the solicitor-general could have, would be to improperly prejudice the minds of the jury against the defendant. Certainly the fact he undertook to state was ’ not one of such public notoriety or matter of history as that the court or the jury could take judicial cognizance thereof. It was the duty of the court, when the objection was made by the defendant’s counsel, to promptly and unequivocally declare that such an argument was improper, and require the solicitor-general to desist therefrom. Instead of so doing, the court undertook to inform the jury what it presumed the solicitor-general meant thereby, and this we do not think was the proper course to pursue. We repeat here that this court will hereafter strictly adhere to and enforce the rule upon this subject which has been stated above.

Judgment reversed.