## IVEY *v.* THE STATE.

The State, as accuser in a criminal proceeding, does not seek one of its citizens convicted unless the evidence shows his guilt beyond a reasonable doubt ; nor will it permit its prosecuting officer to use any unfair means in the trial, or illegal argument in his address to the jury, to the prejudice of the accused. Where, therefore, a solicitor-general in his address to the jury uses highly improper language not authorized by the evidence or any fair deduction therefrom, and the counsel for the accused objects thereto and moves the court to declare a mistrial, which the court refuses, and exception is taken to the ruling, this court will reverse the judgment and grant a new trial in the interest of justice and of fair and impartial trials.

Argued June 17, — Decided July 23, 1901.

Indictment for selling liquor without license. Before Judge Fite. Whitfield superior court. May 14, 1901.

*Jesse A. Glenn* and *George G. Glenn*, for plaintiff in error.
*Samuel P. Maddox, solicitor-general,* contra.

SIMMONS, C. J. The record discloses that Mrs. Elizabeth Ivey was tried and convicted for the offense of selling intoxicating liquor without a license. She made a motion for a new trial, which was overruled by the court, and she excepted. From her motion it appears that the solicitor-general, in his address to the jury, used the following language : "Gentlemen of the jury, I want you to stand by me and help me break up this vile den;" and "Gentlemen of the jury, if you could go over this town and see the good mothers whose pillows have been wet with tears over their boys who have been intoxicated by the acts of this woman." Defendant's counsel objected to these remarks as being highly improper and without evidence to authorize them, and asked the court to declare a mistrial on account of them. This motion the court overruled, simply remarking, "Go on with the case, and confine your argument to the facts in the case." The motion for new trial complains of the refusal of the court to grant a mistrial as asked. We think that the ruling complained of was erroneous. While the State is the accuser in every criminal case, it does not seek the conviction or punishment of any one of its citizens unless the evidence shows beyond a reasonable doubt that he is guilty. An officer is appointed to represent the State in the courts, and it is his duty, when the evidence shows or tends to show the guilt of one on trial for crime, to argue to the jury that the evidence is sufficient to authorize a conviction.

and that the jury should return a verdict of guilty. The State, however, will in no case permit its representative to go outside of the evidence to find a basis for appealing to the sentiments, passions, or prejudices of the jury in order to obtain a conviction. *Jesse* v. *State,* 20 *Ga.* 169. The solicitor-general, appointed to represent the interest of the State in the trial of offenders, does not occupy the position of counsel generally. His duty does not require him to insist upon the conviction of the accused unless the evidence is sufficient to authorize it. His office is quasi judicial; and while it is his duty, if he honestly believes that the evidence shows the guilt of the accused, to insist upon this view before the jury and to use in his argument all his ability and skill in presenting the case as made by the pleadings and the evidence, still it is under no circumstances his duty either to go outside of the case and state facts not in evidence or to appeal to the passions or prejudices of the jury. The motion for new trial shows that the solicitor-general stated as facts things to which no witness had testified,— that good mothers had wet their pillows with tears over their boys who had been intoxicated by the acts of the accused. These remarks were not warranted by the evidence, and were plainly calculated to prejudice the accused. While, as before remarked, the State is the accuser in criminal cases, it will not permit its representative to use unfair means against the accused, pending the trial, or to comment upon facts not put in evidence, or to make remarks calculated to prejudice the accused in the minds of the jurors. This is not a new question in this court. Similar conduct was condemned by this court, in no uncertain terms, in the case of *Berry* v. *State,* 10 *Ga.* 522. In *Mitchum* v. *State,* 11 *Ga.* 615, where the court had refused to restrain the solicitor-general from commenting on facts not in evidence, Nisbet, J., said, in reference to the habit of counsel, in addressing the jury, of going outside of the evidence and commenting on facts not growing out of the evidence or the pleadings : "We entertain no shadow of doubt as to the necessity of pronouncing it, as we now do, illegal and highly prejudicial to a fair and just administration of the rights of parties, either on the criminal or civil side of the court. It is the duty of the court to prevent such comments, and in all cases where this is not done, provided the court is requested to prevent them, we shall hold, as we rule in this case, that it is good ground for a new trial."

In *Forsyth* v. *Cothran*, 61 *Ga.* 278, this court approved the grant of a new trial by the lower court upon this ground. In *Augusta R. Co.* v. *Randall*, 85 *Ga.* 297, 315, this court granted a new trial in a civil case, because counsel for the plaintiff, in his concluding address to the jury, stated facts which were not in evidence and inferences which could not be deduced from anything properly in the case. In *Bennett* v. *State*, 86 *Ga.* 401, a new trial was granted because the trial judge allowed the solicitor-general to argue, over objection, that the accused was of bad character, when there was no evidence of such character. In *Washington* v. *State*, 87 *Ga.* 12, in which the accused was tried on a charge of arson, it was held that it was error to allow the solicitor-general, over objection of defendant's counsel, to state that frequent burnings had occurred throughout the country, and to urge the jury, in consequence thereof, to strictly enforce the law in the case then on trial. In that case a new trial was granted. In *Johnson* v. *State*, 88 *Ga.* 606, a new trial was granted because the solicitor-general was allowed, over the objections of the counsel for the accused, to argue to the jury that the failure of the counsel for the accused to examine the State's witnesses concerning a fact which the court had ruled to be inadmissible, was an admission of such fact; and also that the failure of the accused to introduce these witnesses as his own amounted to such an admission. Mr. Justice Lumpkin, speaking for the court, said: "We feel constrained to grant the accused another hearing. The conclusions drawn . . from the premises stated were unauthorized and were highly injurious to the accused." In some of the foregoing cases it does not appear that any objection was made in the lower court to the improper language, or that any motion for a mistrial was made on account of it. The rule which now prevails in this court is, that a new trial will not be granted upon such grounds unless objection is made by counsel for the accused and some ruling invoked thereon in the court below. *Farmer* v. *State*, 91 *Ga.* 720. In the case of *Bowens* v. *State*, 106 *Ga.* 760,764, Mr. Justice Lumpkin lays down the rule as follows (with numerous citations of the decisions of this court): "Where counsel make unauthorized and improper statements in their arguments before juries, opposing counsel should call attention to the same and either move for a mistrial or request the court to instruct the jury to disregard such statements." Even in cases where this

court has refused to grant a new trial on this ground, because of the failure to invoke a ruling in the court below and make the point properly, it has almost invariably condemned the practice of commenting on facts not in evidence and making improper remarks to the jury.　In the present case the solicitor-general made statements to the jury which were highly improper; the court failed to rebuke him or to charge the jury with reference to the matter, and refused to grant a mistrial when asked so to do by the counsel for the accused.　Under these circumstances and the doctrine announced in the above-cited cases, we feel constrained to grant a new trial upon this ground.　It may be that the accused was guilty of the offense charged, but certainly she can not be said to have had a fair and impartial trial; and, in the interest of impartiality and of justice and of the dignity and decorum of the courts, a new trial should be had.

*Judgment reversed.　All the Justices concurring.*