### 4681. MIMBS v. BATTLE.

While certain paragraphs of the petition were subject to special demurrer, the petition as a whole set forth a cause of action, and it was error to dismiss the suit upon general demurrer.

DECIDED OCTOBER 31, 1913.

Action for malicious prosecution; from Colquitt superior court— Judge Thomas. January 29, 1913.

*W. A. Covington, Shipp & Kline,* for plaintiff.
*Parker & Dowling, Branch & Snow,* for defendant.

RUSSELL, J. This was an action for malicious prosecution. It was dismissed on general demurrer. In brief the petition set forth that Battle sold to Mimbs in January, 1910, a mare, representing to Mimbs that she was sound in every respect, and especially that her eyes were sound and perfect, although, as alleged, Battle well knew at the time that the mare's eyes were weak and defective; that shortly after his purchase the plaintiff discovered that the mare's eyes were very defective and that she was going blind, and thereupon he tendered the mare to Battle and asked for the note

47

which he had given Battle for the purchase-price, but Battle refused this offer of rescission. The mare finally went totally blind, and, upon Battle's threatening to sue, the petitioner offered the mare back and the sum of $25 in addition, but this offer was refused. Finally, the mare having become totally worthless, the plaintiff took her to Battle's stable and left her with the person who at that time had the stable in charge. A few minutes thereafter Battle approached the petitioner on the streets of the city of Moultrie, and, after cursing and abusing him, threatened to have him arrested. It is alleged that a few moments after the unprovoked abuse and threat of arrest, the petitioner was actually arrested by the sheriff, under a warrant sworn out by the defendant, charging him with the offense of misdemeanor. The petitioner gave a bond for his appearance at the next regular term of the city court of Moultrie, and at the next succeeding term of that court he appeared and asked for a trial, but was informed that there was nothing in the charges against him and that no accusation would ever be drawn. It was further alleged that Battle failed to push the case in any court, abandoned the prosecution, and the prosecution has terminated.

It is easily to be seen that this petition is demurrable in several respects. But the plaintiff offered an amendment which, we think, so amplified the statements as to the prosecution as to enable it to withstand the general demurrer. In the amendment it is stated that the warrant under which the plaintiff was arrested was returned by the sheriff to the clerk of the city court of Moultrie, that it was docketed upon the criminal docket of that court, and that from the entries upon the docket it appears that the case was dismissed; the entry of the dismissal being in the handwriting of his honor J. D. McKenzie, who was judge of the city court of Moultrie in the years 1911-1912. From the amendment it further appears that the defendant appeared, in accordance with the obligation of his bond, at the November term, 1911, the February term, 1912, the May term, 1912, and the August term, 1912, of the city court, and finally, in October, 1912, in the open session of the city court, he was informed by the solicitor and the judge that there was nothing against him, and that the case against him was dropped. It is further averred that after search in the offices of the clerk and the sheriff of the city court of Moultrie, neither the affidavit nor the warrant, nor the bond, can be found; and the contents of these

papers are briefly set forth, so as to lay the ground for parol evidence of their contents.

The chief insistence of counsel for the defendant, in support of the ruling sustaining the general demurrer, is that while the original petition attempted to set out the essential elements of an action for malicious prosecution, the amendment transformed the action into a suit for malicious arrest. It is further contended, of course, that the allegations of the original petition were insufficient to set forth any cause of action. We agree with the contention of counsel for the defendant that the plaintiff can not in the present action recover damages for slander, but we are of the opinion that the averments as to the language alleged to have been used by the defendant to the plaintiff in the hearing of the public can well be treated as matter of inducement, illustrative of the contention that the swearing out of the warrant and the subsequent proceeding were without probable cause

The principal questions in the case, as raised by the demurrers, are, (1) whether the facts alleged show a case of malicious prosecution, and (2) whether it can be determined, from the allegations, that the prosecution is ended. Our code defines a malicious prosecution to be a criminal prosecution "maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted." Civil Code, § 4439. It is undisputed from the record that the defendant swore out a warrant against the plaintiff, charging the commission of a misdemeanor, and that upon this warrant the plaintiff was arrested. In pursuance of the provisions of the act creating the city court of Moultrie the warrant was returned to that court and the plaintiff executed a bond to the clerk of the court, and the case was entered on the docket. It does not appear whether the solicitor preferred an accusation, but for five terms of the court the defendant in the warrant—the plaintiff in this case —was required, in accordance with the obligation of his bond, to attend the city court of Moultrie, and at length, after having several times orally demanded a trial, was informed in open court by the judge and the solicitor that there was nothing against him; and subsequent inquiry disclosed that the judge had formerly made upon his docket an entry that the case was dismissed. Under the facts which we have already stated, it appears that the jury would be authorized to find that the prosecution was instituted with malice

and without probable cause. The defendant flew into a rage, whether rightfully or wrongfully, because the plaintiff returned a horse which the defendant had sold. He threatened the plaintiff that he would have him arrested. So far as appears from the allegations of the plaintiff's petition, the plaintiff had done no act which made him a violator of any penal law of this State. The affidavit and the warrant attempted to conceal the imaginary offense under the blanket term of a misdemeanor. For five terms of the court the prosecutor made no effort to have a judicial investigation, either in the city court or by indictment in the superior court—of which this court knows that there were two sessions in the period of time set forth in the petition. Certainly these circumstances are sufficient to authorize the inference on the part of the jury that there was no basis for the prosecution at the start; and the conduct of the prosecutor in not pressing the prosecution corroborated the inference that the prosecution was instituted in bad faith.

Before there can be a recovery for damage resulting for malicious prosecution, it must appear that the prosecution has ended. The petition set forth that the case had been dismissed in the city court; and we hold this dismissal to be sufficient evidence of the termination of the prosecution, since prosecutions in that court must be based upon affidavit, and it would require an entirely new affidavit to renew the prosecution.          *Judgment reversed.*