### 6788. SEABOARD AIR-LINE RAILWAY *v.* HORNING.

WADE, C. J. 1. There was evidence to support the verdict. The complaint that the damages awarded ($9,500) were excessive is without merit. Nothing appears in the record to justify any inference of bias or prejudice, or of gross mistake on the part of the jury. Civil Code, §§ 4505, 4399.

2. There is no substantial merit in the assignments of error on the alleged introduction of testimony in rebuttal, which the plaintiff in error insists should have been offered in chief, or was merely cumulative. This was a matter within the discretion of the trial judge, and no abuse of that discretion appears.

3. It is well settled that statements of counsel, in argument to the jury, not authorized by the evidence or by any legitimate deduction therefrom, should be rebuked by the trial judge on proper application. The fact, however, that deductions drawn by counsel "may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." *Owens* v. *State,* 120 *Ga.* 209 (3), 210 (47 S. E. 545). "What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Floyd* v. *State,* 143 *Ga.* 286, 289 (84 S. E. 971). "Highly improper language not authorized by the evidence or any fair deduction therefrom" will call for a rebuke, or sometimes require mistrial. *Ivey* v. *State,* 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959).

(a) The remarks of counsel to which exception was taken in the motion for a new trial were explicitly declared by him to be the expression of a conclusion he had reached from the evidence in the case, and, since there was testimony from which counsel might be authorized to draw the deduction which he announced as his conclusion in the premises, the court did not err in declining to instruct the jury to disregard the charge made by such counsel in reference to a certain witness who testified in behalf of the defendant.

4. An assignment of error that the verdict is contrary to a certain excerpt from the charge of the court is equivalent to a complaint that the verdict is contrary to law; and such an exception "does not present for decision any legal question." *Napier* v. *Burkett,* 113 *Ga.* 607 (38 S. E. 941); *Wight* v. *Schmidt,* 111 *Ga.* 858 (36 S. E. 937); *Roberts* v. *Keeler,* 111 *Ga.* 181, 186 (36 S. E. 617).                    *Judgment affirmed.*

DECIDED JULY 11, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman.   May 21, 1915.

(1)   While the plaintiff, a car inspector of the railway company, was under a car of one of its trains, making repairs, the train moved and dragged him for some distance, causing injuries to his back, which resulted in great pain and incapacitated him from work.   This occurred in May, 1914, and it was testified at his trial, in January, 1915, that in consequence of these injuries he was still incapable of doing his work as a car inspector, and that he had traumatic neurasthenia; and a physician testified that in his opinion the plaintiff would never be well again; other physicians testifying in behalf of the plaintiff stated that they could not say whether he would recover or not.   He was 31 years of age and his average earnings as car inspector were $93 per month.   He sued the railway company for $30,000, and the verdict was for $9,500.

(2)   In the closing argument to the jury, counsel for the plaintiff stated that a certain witness who testified in behalf of the defendant had been "touched" and bribed by the claim department of the defendant.   Counsel for the defendant objected to this statement.   Counsel for the plaintiff replied that he made the statement as a conclusion; that he stated that there was something crooked in the case, and that this witness was "the shining example as to which was crooked, because he changed his statement," and "if he changed it from a whim and the jury thought they could believe that, accept it that way, but if they thought he did not change it from a whim, then there must have been something to make him do it, and necessarily he was bought to do it, and that is a legitimate conclusion from the facts."   The court refused to rebuke counsel or to instruct the jury to disregard such remarks; and this is assigned as error.

*Anderson, Cann & Cann,* for plaintiff in error.

*Osborne & Lawrence,* contra.