25219. UNDERWOOD ELLIOTT FISHER COMPANY *v.* EVANS.

STEPHENS, J. 1. Where a seller of personal property who had retained title thereto as security for the purchase-money, after having retaken possession of the property from the purchaser, instituted "bail-trover proceedings" against the purchaser for the recovery of the property, the process was necessarily instituted without probable cause. The seller after having retaken the property had knowledge of the fact that there was no ground whatsoever for the institution of the process, and the inference would be authorized that the seller in causing the process to issue did not act in good faith but acted in general disregard of the rights of the defendant, and that the seller's act evidenced the existence of malice. Where the purchaser was, by the officer charged with the execution of the process, arrested and deprived of his liberty, and the "bail-trover action" against the purchaser was afterwards dismissed by the seller, the prosecution had terminated favorably to the purchaser.

2. The petition, in a suit brought by the purchaser against the seller, in which the foregoing facts were alleged and in which it was alleged that the plaintiff suffered damage in a certain amount as the proximate result of the defendant's conduct, set out a cause of action for a malicious use of process, and the court did not err in overruling the general demurrer.

3. The petition was not subject to the objection that the various allegations excepted to were mere conclusions of the pleader.

4. Although some of the allegations may be subject to the objection on demurrer that they contain allegations of evidence instead of ultimate facts, this defect was harmless to the defendant.

5. The affidavit attached to the petition being in conformity to the provisions of the Code, § 3-509, as respects the execution of an affidavit in forma pauperis for recommencing a suit, there is no merit in the demurrer based on the ground that the affidavit is not in accordance with the provisions of the laws and statutes of the State.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 9, 1936.

*Clifford Hendrix, Hendrix & Buchanan, Strauss, Reich & Boyer,* for plaintiff in error.

*Eldon Haldane,* contra.