124

## 27492. DUNLOP TIRE & RUBBER CORPORATION *v.*
## DOWNS.

DECIDED MAY 17, 1939.

*Barry Wright, Jack Rogers,* for plaintiff in error.
*Lanham & Parker,* contra.

SUTTON, J.   J. A. Downs filed a suit for damages against the Dunlop Tire & Rubber Corporation, in two counts, the first count being for an alleged malicious abuse of process, and the second for an alleged malicious use of legal process.   It was alleged in the first count, that the Dunlop Tire & Rubber Corporation filed a bail-trover action against Downs for recovery of two described automobile tires and tube; that at the time the bail-trover process was sued out the manager of said corporation had repossessed one of the tires named therein, and said manager knew at that time that none of the tires described in the bail-trover proceeding was in the possession, custody, and control of Downs, because he had told said manager that he did not have the tires in his possession, and explained that his truck had been stolen and burned and that the tires had been stolen with the truck, and therefore the corporation knew that none of said property was in his possession, custody, or control; that because he could not produce the property he was arrested by a deputy sheriff under the bail-trover suit, and, in order to be released from jail where he was placed by the deputy sheriff, he was forced to pay the defendant $22, the alleged value of the property set out in the bail-trover proceeding, a portion of which he claimed he did not owe, and was also compelled to pay $6.70 as court costs, $1.70 of which was extorted illegally by said process because his liability for costs could not have exceeded the sum of $5; that the bail-trover process was sworn out and caused to be issued by the defendant maliciously and without probable cause, and was used for the illegal purpose of extorting money from him, and was withdrawn as soon as it had accomplished its illegal purpose; and that he was injured and damaged in a named sum.

The plaintiff amended by setting up that he was forced to pay the sum of $22 and the sum of $1.70 costs because he was in the custody of the sheriff, had no opportunity of consulting his attorney, and was unable to make bond required by law, and because of his incarceration was unable to communicate with his attorney, and knew nothing of any right which he might have had to have himself discharged; that he can not state the exact amount due at the time of the swearing out of the bail-trover proceeding, since he does not know which tire, or the value of the tire that had been repossessed; and that he notified the manager of the corporation that the truck had been stolen and burned before the bail-trover proceeding was begun. The second count was practically the same as the first, except that it was claimed that the alleged facts constituted a malicious use of legal process, and that the trover suit finally terminated in favor of the defendant therein by being dismissed by the plaintiff. The defendant's demurrers to the petition as amended were overruled, and the exception is to that judgment.

1. The first question for determination is whether count 1 of the plaintiff's petition set out a cause of action for malicious abuse of legal process, on account of the former bail-trover action instituted by the defendant against the plaintiff. A statement of the allegations of the petition in the present case is set out above, and it is not necessary to repeat them here. It was said in *Brantley* v. *Rhodes-Haverly Furniture Co.*, 131 *Ga.* 276, 281 (62 S. E. 222): "The legitimate purpose of making an affidavit to require bail in an action to recover personal property is to require bond to be given for the forthcoming of the property to answer such judgment, execution, or decree as may be rendered or issued in the case, or, on failure thereof, to have the officer seize the property, or, if it is not to be found, to have the defendant committed to jail until the property shall be produced or bond be given, unless the defendant shall be released without security, as provided in section 4608 of the Code. Civil Code, §§ 4604-4608." (Code of 1933, §§ 107-201 to 107-205.) "Malicious abuse of legal process is where the plaintiff in a civil proceeding wilfully misapplies the process of the court in order to obtain an object which such a process is not intended by law to effect, as contradistinguished from malicious use of process, where the plaintiff in a civil proceeding employs the court's process in order to execute an object which the law intends

such a process to subserve, but proceeds maliciously and without probable cause. *McElreath* v. *Gross,* 23 *Ga. App.* 287 (98 S. E. 190) ; *Roberts* v. *Willys-Overland Inc.,* 27 *Ga. App.* 304, 305 (108 S. E. 138)." *Robinson* v. *Commercial Credit Co.,* 37 *Ga. App.* 291, 292 (139 S. E. 915). See also *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532 (163 S. E. 212) ; *Braswell* v. *Mason Kominers Tire Co.,* 56 *Ga. App.* 593 (193 S. E. 357). It was alleged by the plaintiff in the case at bar that the defendant knew when it took out the bail-trover proceeding that he did not have possession, custody, or control of the property described therein, for he had so informed it; that he did not owe a portion of the $22, the alleged value of the tires named in the trover action, which amount, together with costs, he was forced to pay in order to be released from jail where he had been incarcerated by a deputy sheriff, and that the trover proceeding was taken out by the defendant maliciously and for the illegal purpose of extorting money from him. It was held in *Robinson* v. *Commercial Credit Co.,* supra, that "abuse of process was not shown by allegations to the effect that bail process in trover was sued out to recover an automobile to which the plaintiff therein claimed title, and that the purpose for which the process was sued out was not to recover the property, but to collect a balance due on the automobile, and that the defendant therein, by reason of his inability to give security as provided by law, was arrested and held in jail until payment of the balance due." See also *Simpson* v. *Jones,* 182 *Ga.* 544 (2) (186 S. E. 558). It is contended by the plaintiff that he was forced to pay $1.70 more costs than was lawful, but it is not alleged that the defendant demanded or received this cost, or that the plaintiff objected to paying it, or that he would have been held in jail or the custody of the sheriff had he not paid it. The inference is that the cost was paid to the officers of court, and it is not shown that any one knew at the time it was paid that any more than lawful cost was collected. Under the allegations contained in count 1 of the petition and the law applicable thereto, it does not appear that the trover proceeding was wilfully misapplied or perverted in order to obtain an object which such process is not intended by law to effect.

2. In a suit for malicious use of process it is essential that the plaintiff allege that the suit against him had terminated in his

favor before the suit for damages was filed. While the plaintiff in the present case makes a general allegation in count 2 that the trover case had terminated in his favor, still in construing the petition against demurrer this statement must yield to the specific allegations of this count, which, under the law, show that the previous litigation had not ended in his favor. It was held in *Davison-Paxon Co.* v. *Walker,* supra, where the facts were similar to the ones in the present case: "Allegations of a petition, in a suit for malicious use of process, that the former suit was an action of bail-trover, and that after the plaintiff had been arrested by an officer who was required by law to execute the process she regained her liberty by paying an amount equal to the value of the property sued for and the costs of the suit, 'being without means at the time to give the bond required by law in such cases,' and thereupon the suit against plaintiff was marked 'settled and satisfied and terminated,' do not sufficiently show, as against a general demurrer, that such former action terminated in favor of the defendant therein. The suit being marked 'settled and satisfied and terminated' indicates rather the contrary result, that is, that the former action terminated in favor of the plaintiff." We think that the allegations in the present case show that the bail-trover proceeding terminated in favor of the plaintiff therein, rather than in favor of the defendant; for it was alleged that the defendant paid the amount of the alleged value of the property for which the suit was brought, and that the plaintiff then dismissed the proceeding. The case of *Underwood Elliott Fisher Co.* v. *Evans,* 53 *Ga. App.* 673 (186 S. E. 858), cited and relied on by the defendant in error, is distinguishable on its facts from the present case. The case therein referred to was not paid or settled by the defendant, but was dismissed by the plaintiff after the defendant was arrested and deprived of his liberty.

3. Under the allegations of the petition and the law applicable thereto, the petition failed to set out a cause of action in either count, and the court erred in overruling the general demurrer.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*