28896. SOUTHERN RAILWAY COMPANY *v.* JACKSON.

Decided July 15, 1941.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.
*Hewlett & Dennis, T. F. Bowden,* contra.

STEPHENS, P. J.  C. E. Jackson brought suit against Southern Railway Company and one of its engineers jointly for personal injuries allegedly sustained in a collision of an engine with a truck which the plaintiff was driving across one of the defendant's tracks at a crossing.  The petition alleged that it was the custom of the defendant to have a watchman at the crossing to warn persons about to pass over it of the approach of the engines and trains; that on January 26, 1939, the plaintiff was driving a truck along Fortress Avenue, a public street of the City of Atlanta, in a southerly direction, and at that time the view of the tracks in both directions was obstructed by standing box cars; that on approaching the crossing he stopped the truck looking both east and west without seeing or hearing the approach of any train; that before proceeding he observed the crossing watchman who was exhibiting no stop sign or other warning; that when the truck reached the main-line track the watchman suddenly ran out in front of him, waving his hands and stopped him; that thereupon an engine crashed into the side of the truck and injured him; that the engine was being driven over and upon the crossing at the speed of twenty-five miles per hour; that at the time and place there was a valid existing ordinance of the City of Atlanta providing that "any person who drives or runs an engine or vehicle across said crossings or any other street crossing at a greater rate of speed than ten miles an hour, shall be deemed guilty of violating this section," and be punished by fine and imprisonment; that the defendant was negligent in running the engine over the crossing in violation of the munici-

pal ordinance, and in failing to give any warning of the approach of the engine by bell or otherwise. In an amendment to the petition the plaintiff alleged that the defendant was negligent in failing, through its watchman, to notify the engineer that some one was approaching the tracks in a vehicle; and in failing, through its watchman, to flag persons that the train was approaching.

The defendant filed an answer denying all the alleged acts of negligence on its part, and alleging that the plaintiff was guilty of negligence per se proximately causing the collision, in that he drove the automobile upon the crossing without bringing the same to a stop, in violation of a valid ordinance of the city making it unlawful for any person to drive or operate any automobile, auto truck, motorcycle, or other motor-driven vehicle upon or across the tracks or track of any steam railroad company operating in the city, where such track or tracks cross any street in the city, without first bringing such vehicle to a full stop not less than twenty feet from the nearest rail of the track or tracks.

The jury found for the plaintiff, and the defendant moved for a new trial on the general grounds and several special grounds. This motion was overruled and the defendant excepted.

■ The first special ground complains of an instruction to the jury to the effect that, as to those allegations of negligence made by the defendant against the plaintiff, "those set forth in the defendant's answer where it affirmatively charges acts of negligence against the plaintiff, the burden rests upon the defendant to satisfy the jury as to the truth of these allegations by a preponderance of the evidence." In the amendment to the answer the defendant alleged that the plaintiff started on and over the crossing without bringing his truck to a full stop as required by a municipal ordinance of the city, and set out a copy of the ordinance. The court elsewhere charged the jury that the plaintiff could not recover in the absence of negligence by the defendant. There was no error in the instruction complained of. *Stewart* v. *Mynatt*, 135 *Ga.* 637 (70 S. E. 325); *McCrackin* v. *McKinney*, 52 *Ga. App.* 519, 520 (183 S. E. 831); Code, § 38-103.

■ It was contended that the ordinance of the city which was set up in the petition applied to persons driving a vehicle along the street over the track as well as to railroad vehicles crossing the street. This contention is set up in the second ground of the mo-

tion for new trial, and also in an exception to the action of the court in disallowing an amendment to the answer. The ordinance in question is not susceptible of the construction here contended for. The caption of the ordinance reads: "Railroad companies— duties as to flagmen—crossings, etc." The meaning of the expression "any person who drives or runs an engine or vehicle across said crossing" etc., turns on the meaning of the words "across said crossing." The ordinance is designed to protect persons and vehicles using the street from injury by vehicles operated by the railroad. The court did not err in disallowing the amendment to the answer or in the instruction complained of.

It is complained that the court erred in charging the jury about the plaintiff being confronted with an emergency, and that he would not be required in such case to use the same degree of care as if he had had time for deliberation and the full exercise of his judgment and reasoning faculties, "if you believe that such circumstances existed." The plaintiff testified that as he was going over the track the watchman ran out suddenly in front of him, holding up his hands and shouting "Stop," which caused the plaintiff to stop his truck directly in the path of the oncoming engine. The objections to this instruction are that it was inapplicable, argumentative, and constituted an expression of opinion by the court. The testimony of the plaintiff shows that none of these objections are tenable. The question of an emergency was necessarily in the case, and it was proper for the court to charge on the subject. It is not claimed that the charge itself was incorrect except as an expression of opinion, which it was not. *Central of Georgia Ry. Co. v. Barnes*, 46 *Ga. App.* 158, 160 (c) (167 S. E. 217).

The fourth ground relates to an instruction in reference to the burden of proof and to the violation by the plaintiff of a city ordinance. These objections are covered by what is said in divisions 1 and 2 above.

Objection is made to certain instructions to the jury defining to some extent the duties of a crossing watchman, on the ground that the instructions were argumentative and that they expressed an opinion on the facts. These instructions, considered as a whole and in connection with the rest of the charge to the jury, were not erroneous for any reason assigned.

*Judgment affirmed. Sutton and Felton, JJ., concur.*