38579.   WHEELER, Administratrix v. SATILLA RURAL ELECTRIC MEMBERSHIP CORPORATION *et al.*

Decided March 8, 1961—Rehearing denied March 23, 1961.

*R. E. Lawson,* for plaintiff in error.

*E. Kontz Bennett, T. J. Townsend,* contra.

FRANKUM, Judge. ■ "A petition merely serves, among other purposes, to set forth sufficient facts to show the plaintiff has a right for which the law supplies a remedy." *Yorkshire Ins. Co. v. Cravey,* 102 Ga. App. 591 (117 S. E. 2d 167). See *Grist v. White,* 14 Ga. App. 275 (80 S. E. 519). The petition alleges such facts, which, if true, show that certain named defendants, with malice, appeared as witnesses before a grand jury of Bacon County, and, by false testimony, caused an indictment (special presentment) to be returned as true against Rosalind Wheeler charging her with the offense of embezzlement. The petition further alleges that, upon trial of the defendant under the indictment, she was acquitted. The petition, as amended, can only be construed as one seeking damages for malicious prosecution of Rosalind Wheeler. Under the ruling of *Price v. Cobb,* 63 Ga. App. 694 (11 S. E. 2d 822) (see also *Mimbs v. Battle,* 13 Ga. App. 737, 79 S. E. 922; *Clark v. Douglas,* 6 Ga. App. 489, 65 S. E. 304) the petition sets forth a cause of action for malicious prosecution as against a general demurrer.

The defendants in error insist that the original petition, as amended, is fatally defective as an action for malicious prosecution, in that the same contains no allegation that the prosecution was instituted and pursued without probable cause. Want of probable cause is an essential element of an action for mali-

cious prosecution. *Sykes v. South Side Atlanta Bank,* 53 Ga. App. 450 (186 S. E. 464) ; *Hearn v. Batchelor,* 47 Ga. App. 213 (170 S. E. 203) ; *Ellis v. Knowles,* 90 Ga. App. 40 (81 S. E. 2d 884). The petition affirmatively alleges that the individuals named as defendants gave false testimony in order to procure an indictment against Rosalind Wheeler charging her with the offense of embezzlement. One who knowingly procures an indictment by false testimony has a complete lack of probable cause. Such allegation is sufficient to show want of probable cause. See 54 C. J. S. 1043, Malicious Prosecution, § 77 (b).

The plaintiff's suit is against the Satilla Rural Electric Membership Corporation, James P. Stafford, L. W. Taylor, Jr., Houston Garrard, Sam Dubose, individually, and the partnership of Dubose & Dubose, composed of Elton Dubose and Sam Dubose. Each individual named as a defendant is alleged to have given false testimony. James P. Stafford is alleged to be the manager of the defendant corporation, and the individuals named as defendants are alleged to be "employees, agents, officers and associates" of the defendant corporation, and that their acts complained of were within the scope of their employment. *Bussell v. Dannenberg Co.,* 34 Ga. App. 792 (132 S. E. 230), discusses in great detail the authority of a general manager of a corporation, and in what respects the acts of a general manager will be deemed the acts of the corporation. It is stated in *Godfrey v. Home Stores, Inc.,* 101 Ga. App. 269, 276 (114 S. E. 2d 202) : "Included in the usual responsibilities of a store manager is to prevent fraud being perpetrated upon the store owner in connection with the business. When in the performance of this duty the manager causes the prosecution of another, his employer, the store owner is under the doctrine of respondeat superior legally liable for his conduct." See also *Progressive Life Ins. Co. v. Doster,* 98 Ga. App. 641 (106 S. E. 2d 307) ; *Conney v. Atlantic Greyhound Corp.,* 81 Ga. App. 324 (58 S. E. 2d 559). The petition alleges sufficient facts to show that the acts of these defendants were in behalf of the defendant corporation and within the scope of their employment and authority.

As to the individuals named as defendants, the petition suffi-

ciently alleges that each knowingly gave false testimony before a grand jury in order to obtain an indictment (special presentment) against Rosalind Wheeler charging her with the offense of embezzlement, and that each gave false testimony against her at her trial under said indictment. As to the partnership, see *Rogers v. Carmichael,* 184 Ga. 496 (192 S. E. 39).

The defendants contend that a right of action based upon malicious prosecution does not survive the death of the one prosecuted. This contention is without merit. *Code Ann.* § 3-505; *Complete Auto Transit v. Floyd,* 214 Ga. 232 (104 S. E. 2d 208).

■ The offered amendment to the petition denominated as count 2, the allegations of such being germane to the allegations of the original petition, does not set forth a new and distinct cause of action, and the same should have been allowed. *City of Columbus v. Anglin,* 120 Ga. 785 (48 S. E. 318); *Shepherd v. Southern Pine Co.,* 118 Ga. 292 (45 S. E. 220); *Ellison v. Georgia R. & Bkg. Co.,* 87 Ga. 691 (13 S. E. 809). See Georgia Practice and Procedure, § 7-9. The trial court, therefore, erred in disallowing the plaintiff's amendment.

The court erred in sustaining the general demurrer, dismissing the petition, as amended, and in disallowing the offered amendment denominated as count 2.

*Judgment reversed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*