40425. TIMEPLAN LOAN & INVESTMENT CORPORATION v. COLBERT.

DECIDED DECEMBER 3, 1963—REHEARING DENIED DECEMBER 12, 1963.

754

*C. Winford Smith*, for plaintiff in error.

*Stewart, Sartain & Carey, Jack M. Carey, Howard T. Overby*, contra.

HALL, Judge. "Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause. In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has been finally terminated against the plaintiff therein." *Baldwin v. Davis*, 188 Ga. 587, 588 (4 SE2d 458) ; *McElreath v. Gross*, 23 Ga. App. 287 (1) (98 SE 190) ; 3 Restatement of Torts § 677. The three elements of the action are ". . . (1) Malice. (2) Want of probable cause. (3) The proceeding complained of has terminated in favor of the defendants before an action for damages is instituted." *Georgia Veneer &c. Co. v. Florida Nat. Bank*, 198 Ga. 591, 609 (32 SE2d 465) ; *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98, 106 (70 SE2d 734).

There is no question in this case that the second bail trover action finally terminated against the plaintiff therein, the defendant in the present case.

"One of the most drastic civil remedies afforded by Georgia

law is bail trover, wherein by a summary process—without a hearing—property in the possession of a defendant may be seized, or the defendant himself imprisoned where he is unable to produce the property or post the required recognizance. This procedure should never be employed except where the plaintiff is certain as to the soundness of his legal position; . . ." Georgia Procedure & Practice, 723, § 27-7.

"In an action of trover the issue is one of title, and not of debt." *Berry v. Jackson*, 115 Ga. 196 (41 SE 698, 90 ASR 102). "The legitimate purpose of making an affidavit to require bail in an action to recover personal property is to require bond to be given for the forthcoming of the property to answer such judgment, execution, or decree as may be rendered or issued in the case, or, on failure thereof, to have the officer seize the property, or, if it is not to be found, to have the defendant committed to jail until the property shall be produced or bond be given, unless the defendant shall be released without security, as provided in section 4608 [§ 107-205] of the Code." *Brantley v. Rhodes-Haverty Furniture Co.*, 131 Ga. 276, 281 (62 SE 222); *Wyatt v. Citizens &c. Bank*, 29 Ga. App. 528, 529 (116 SE 34).

A defendant in a bail trover suit cannot be rearrested or again incarcerated while there remains in force a judgment discharging him from custody, entered after hearing evidence establishing that the defendant could neither give security nor produce the property for satisfactory reasons. *Thurman v. Smith*, 16 Ga. App. 523 (85 SE 799).

Bail proceeding is not an essential part of a trover case; the plaintiff is not compelled, but has the privilege, to require bail of the defendant, ancillary to the trover action. *Harper v. Jeffers*, 139 Ga. 756 (78 SE 172); *Little v. Lawrence*, 56 Ga. App. 524 (193 SE 181). Under *Code* § 107-205 the rights of the parties in the trover action are not affected by the defendant's discharge from imprisonment under the bail process. *Starnes v. Roberts*, 128 Ga. 718, 720 (58 SE 348). A "plaintiff or his attorney may by his acts, declarations, or default surrender his rights with respect to the obligation of bail and thereby discharge the bail. . ." 8 CJS 32, § 21 (d).

"Where a person arrested in a civil action is discharged on giving bail . . . rearrest is not permissible until the actual

failure of the bail to justify." 6 CJS 707, § 83 (b). "Defendant cannot be held to bail in two different actions for the same cause at the same time. A second arrest in a second action is prima facie unlawful, and it must be so taken by the court unless the contrary appears from the facts and circumstances of the case." 6 CJS 708, 709, § 84.

This petition alleges that following the first bail trover action the plaintiff's mother paid some money to the defendant for the sole purpose of obtaining the plaintiff's release from jail. The defendant thus voluntarily agreed to the plaintiff's discharge.

It appears that the payment of money to the defendant was to it a satisfactory reason for consenting to the plaintiff's discharge. The voluntary release of the plaintiff constituted a waiver of the defendant's right to have the plaintiff committed to jail until the property should be produced or a bond given. It had the same effect to preclude a rearrest as a discharge by order of the court. The issues between the parties in the first suit were preserved after the plaintiff's discharge for decision at the trial, and the defendant was without right to maintain the second bail trover suit while the first was still pending; nor, a fortiori, was the defendant entitled to have the plaintiff arrested again under the same cause of action. The defendant nevertheless, without dismissing the previous bail trover proceeding, wilfully sued out *another* bail trover on the same cause of action, while the first was still pending, and had the plaintiff rearrested allegedly for the sole purpose of extorting money. The inference would be authorized that the defendant in causing the second process to issue did not act in good faith but acted in general disregard of the rights of the plaintiff, and that the defendant's act evidenced the existence of malice. *Underwood Elliott Fisher Co. v. Evans,* 53 Ga. App. 673 (1) (186 SE 858); *Southwestern R. Co. v. Mitchell,* 80 Ga. 438 (5) (5 SE 490); *Woodley v. Coker,* 119 Ga. 226 (46 SE 89).

The question of the want of probable cause is for determination by the jury. It exists in actions for malicious use of legal process when the circumstances are such as to satisfy a reasonable man that the defendant had no reasonable ground for proceeding except his desire to injure the person sued. *Code*

§ 105-802; *Mumford v. Sears, Roebuck & Co.,* 44 Ga. App. 623 (162 SE 661); *Coleman v. Allen,* 79 Ga. 637 (5 SE 204, 11 ASR 449). The fact that a suit on the same cause of action was pending when the defendant brought the second bail trover action and that the defendant had been discharged from custody in that proceeding would be evidence that there was no probable cause for bringing the second action.

The petition set out a cause of action for a malicious use of process, and the court did not err in overruling the general demurrer.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ON MOTION FOR REHEARING.

The defendant contends that the petition does not show that the second bail trover action was unfavorably terminated against it before the present case was instituted by reason of the fact that no such allegation appeared in the original petition filed on September 10, 1962, and that the amendment to the petition alleging that "the action has now terminated in favor of the plaintiff" was not filed until July 26, 1963. The date of the amendment is immaterial for the reason that amendments always date back to the time of filing of the original action. *Southern R. Co. v. Horine,* 121 Ga. 386 (49 SE 285); *Sanders v. Allen,* 135 Ga. 173 (68 SE 1102); *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672, 677 (72 SE 51); *Dunn v. Freeman,* 24 Ga. App. 504 (101 SE 393); *Hanover Fire Ins. Co. v. Scroggs,* 90 Ga. App. 539 (83 SE2d 295); Ga. Procedure & Practice 165, § 7-1.

*Motion for rehearing denied.*