40759. PURCELL v. HILL.

DECIDED MARCH 2, 1965.

*Heard & Leverett, E. Freeman Leverett, Robert M. Heard, C. Patrick Milford,* for plaintiff in error.

*Marshall L. Allison, Davis & Davidson, Jack S. Davidson,* contra.

FRANKUM, Judge. Counsel for the plaintiff in error have, in their brief, discussed the various special grounds of the motion for a new trial somewhat out of their regular order, and counsel for defendant in error have, in their brief, adhered to the order established in the brief of counsel for the plaintiff in error. Accordingly, we shall discuss such assignments of error as we deem to merit discussion in the order adopted by counsel for the parties in their arguments.

■ Ground 5 of the motion for a new trial complains of the refusal of the trial court to grant the request of counsel for the defendant to reprimand one of the attorneys for the plaintiff on account of certain alleged improper argument. The alleged improper argument as shown by this ground was: "Gentlemen, I don't want to see this case tried on the basis of the social stand-

ing of the parties in the community or that because my client is poor and the other party has more, that my client can't get equal justice." Upon this argument being made counsel for the defendant made the following motion: "Your Honor please, Mr. Davis is arguing facts that are not involved in this case and arguing facts that are highly prejudicial, nothing has been brought up concerning this and we ask that he be reprimanded and the jury be instructed not to consider it." After some colloquy the trial court instructed the jury as follows: "Ladies and gentlemen of the jury, try this case according to the evidence and I rule that out, just don't pay any attention to that."

As to the question presented by this assignment of error, upon examination of the authorities, this court deemed the proper answer to be of considerable doubt because of the seeming conflicts in the authorities exemplified by the cases of *Ehrlich v. Mills*, 203 Ga. 600 (4) (48 SE2d 107); *Kendrick v. Kendrick*, 218 Ga. 460, 462 (4) (128 SE2d 496); *Atlantic C. L. R. Co. v. Smith*, 107 Ga. App. 384, 386 (4) (130 SE2d 355), as compared with the following authorities *Mitchum v. State*, 11 Ga. 615 (7), 628; *Washington v. State*, 87 Ga. 12, 15 (3) (13 SE 131); *Hudson v. State*, 101 Ga. 520, 525 (28 SE 1010); *Ivey v. State*, 113 Ga. 1062, 1065 (39 SE 423, 54 LRA 959); *Smoot v. State*, 146 Ga. 76, 81 (90 SE 715); *Brooks v. State*, 183 Ga. 466, esp. p. 469 (188 SE 711, 108 ALR 752); *Mims v. State*, 188 Ga. 702 (2) (4 SE2d 831); *Thornton v. State*, 190 Ga. 783, 784 (2) (10 SE2d 746). We, therefore, certified to the Supreme Court the question presented by this assignment of error, to wit: Is it necessary for counsel for the defendant to renew this motion that the court reprimand counsel for the plaintiff or that he invoke any further ruling by the court in order to have a review of the action of the trial court in refusing to reprimand counsel for the plaintiff? The Supreme Court answered this question in the affirmative, saying that if defendant's counsel was not satisfied with the action taken by the trial judge, he should have renewed his motion promptly, and that his failure to do so authorized the trial judge to conclude that he was satisfied with the action taken. See *Purcell v. Hill*, 220 Ga. 663 (141 SE2d 152). In conformity with this instruction we hold that the trial court did not err in overruling ground 5 of the motion for new trial.

■ In grounds 12 and 13 error is assigned on the charge of the court respecting the doctrine of emergency, the substance of the contention being that the charge as given, though correct as an abstract principle of law, was incorrect as applied to the facts of this case because it did not limit the application of the doctrine to the defendant, but by its terms was applicable alike to the defendant and to the plaintiff's son. These grounds show no cause for reversal. Jurors are required by law to be selected for their uprightness and intelligence. *Code* § 59-106. They are expected to bring into the box, not only uprightness, but also intelligence, and there ought to be a presumption that jurors, through the use of the intelligence which they are required to have in order to be qualified to be jurors, are able to correctly analyze the evidence and determine the facts, shown by such evidence, to have occurred. *Mathews v. Caldwell*, 5 Ga. App. 336 (2) (63 SE 250). Accordingly, where the court gives to the jurors a legally correct statement of an abstract proposition of law, leaving them to apply it to the facts of the case as disclosed by the evidence, there should be some presumption that, through the use of their intellect, the jurors will be able to differentiate between the parties and ascertain from a consideration and an analysis of the evidence to which of the parties the proposition charged by the court is applicable. Therefore, in the absence of a written request it would not seem to be error to fail to instruct the jury that the proposition must be limited in its application to one party or the other.

■ In special grounds 7 and 8 error is assigned on the portion of the judge's charge to the jury that "where the defendant sets up an affirmative defense the burden rests upon the defendant to establish the truth of such affirmative defense by a preponderance of the evidence," and because the court failed to charge without request that the burden of proof was on the plaintiff to prove that the negligence of her deceased son was not the direct proximate cause of his injury and death, and that his negligence did not contribute thereto. "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of

such negative lies on the party so affirming it." *Code* § 38-103. It has several times been held that, where a defendant goes further in his answer than merely denying the allegations of negligence set forth in plaintiff's petition, and sets up in his answer an affirmative defense that the plaintiff's injuries or damages were caused by certain specific acts of negligence on the part of the plaintiff or that the plaintiff by the exercise of ordinary care in specified particulars could have avoided the negligence of the defendant, the burden rests upon the defendant to establish the truth of such affirmative defense by a preponderance of the evidence. *Williams v. Southern R. Co.*, 126 Ga. 710, 711 (55 SE 948) ; *Stewart v. Mynatt,* 135 Ga. 637 (2) (70 SE 325) ; *Mc-Crackin v. McKinney,* 52 Ga. App. 519, 520 (2) (183 SE 831) ; *Southern R. Co. v. Jackson,* 65 Ga. App. 316, 318 (1) (16 SE2d 147). In the instant case the defendant, by an amendment to his answer, alleged that the proximate cause of the death of the deceased was his failure to exercise ordinary care for his own safety in parking his vehicle in the main traveled part of the highway when it was practical to stop and park off the highway, in failing to leave an unobstructed width of the highway opposite his parked vehicle for the free passage of other vehicles, in stopping and parking his vehicle within less than 12 feet removed from the center line of the highway, and in parking his vehicle at a time more than one-half hour after sunset without displaying lights thereon. Under the rule enunciated in the cases cited above the burden was on the defendant to prove these allegations, and it was not error for the court to so charge the jury.

In her petition the plaintiff alleged that at the time her son sustained the fatal injury he was free from fault and blame and was in the exercise of ordinary care, and that the negligence of the defendant as set forth in the petition was the sole direct and proximate cause of his death. The court charged the jury that the burden rested upon the plaintiff to establish to their satisfaction by a preponderance of the evidence that the allegations which she made in her petition, as amended, were true, that in order for the plaintiff to be entitled to recover she must prove by a preponderance of the evidence that the defendant's son was negligent in at least one of the particulars specified, and

that his negligence was the proximate cause of the injury and death of plaintiff's son. The court did not err in failing to charge the jury that the burden rested upon the plaintiff to prove that the negligence of her son was not the direct proximate cause of his injury, and that his negligence did not contribute thereto. *City Council v. Hudson,* 88 Ga. 599 (3), 606 (15 SE 678); *Western &c. R. Co. v. Casteel,* 138 Ga. 579 (2) (75 SE 609); *McFarland v. City of McCaysville,* 39 Ga. App. 739 (4) (148 SE 421). Grounds 7 and 8 of the motion for a new trial do not show reversible error.

■ We have carefully reviewed all of the remaining assignments of error contained in grounds 4, 6, 9, 10, 11, 14, 15 and 16 of the motion for new trial and find no merit in them. The verdict was authorized by the evidence, and the trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*