42894. POWELL v. COHEN.

ARGUED JUNE 8, 1967—DECIDED JUNE 20, 1967.

N. T. Anderson, for appellant.

Rose, Silverman & Hunt, George S. Stern, for appellee.

DEEN, Judge. A cause of action for malicious prosecution is set out where it is shown: "(1) that the offense charged was a criminal prosecution; (2) that the criminal prosecution was carried on maliciously by the defendant; (3) that the criminal prosecution was finally terminated legally in favor of the plaintiff; (4) that the criminal prosecution was carried on by the defendant without any probable cause; and (5) that as a result of the criminal prosecution by the defendant damage ensued to the plaintiff. Cary v. Highland Bakery, 50 Ga. App. 553 (179 SE 197); Henderson v. Francis, 75 Ga. 178 (5)." Hight v. Steely, 86 Ga. App. 137, 139 (70 SE2d 886). It is here contended that one necessary element, lack of probable cause, is not shown by the facts pleaded. Unless this appears as a matter of law, the issue of probable cause is for the jury. Code § 105-802; Timeplan &c. Corp. v. Colbert, 108 Ga. App. 753, 756 (134 SE2d 476). Such causal deficiency exists, as stated in that case, where "the circumstances are such as to satisfy a reasonable man that the defendant had no reasonable ground for proceeding except his desire to injure the person sued." Where one causes another to be criminally prosecuted by means of knowingly false testimony for an end personal to himself (such as revenge, or in an effort to collect an unowed debt) this constitutes probable cause. Wheeler v. Satilla Rural Elec. Membership Corp., 103 Ga. App. 401 (119 SE2d 375). The defendant's contention that the check was given for services rendered and that he had reason to believe the plaintiff was attempting to cheat and swindle him, whether or not he had sufficient funds in the bank at the time payment was stopped, is one which addresses itself to the jury. The gravamen of the offense charged is the intent to defraud, the obtaining of something of value without paying for it; where the party receiving the check parts with nothing of value in return for it the offense is not proved. Thompson v. State, 85 Ga. App. 298 (69 SE2d 206). The plaintiff here alleges that he stopped payment on the check

because the repairs for which the check was given were not made. If the defendant, knowing these facts to be true, procured the prosecution by false testimony as alleged, such misconduct would amount to malicious prosecution. A cause of action was set out, and the court erred in dismissing the petition on demurrer.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*