## 58794. SPAINHOUR v. KNIGHT.

Shulman, Judge.

Upon telephoning the bank on which appellee's check was drawn and being told that appellee's account did not have sufficient funds to cover the check, appellant-payee caused the arrest of plaintiff-appellee pursuant to a warrant for the crime of issuing and uttering a worthless check. In an ensuing action for malicious prosecution brought after the dismissal of the warrant, judgment was entered on a jury verdict in the amount of $8,000 in favor of plaintiff-appellee. On appeal from this judgment, we affirm.

1. Appellant argues that appellee failed to show that the prosecution was instituted with malice and without probable cause. We disagree.

At trial, appellant (appellee's landlord) testified that although appellee's check had not been presented for payment or refused, appellant took out a warrant on her belief that appellee was going to leave the jurisdiction without honoring her rent obligations. (In fact, the check forming the basis for the warrant was honored when it was finally presented for payment.) In spite of appellee's assurance before the warrant was executed that she would make a deposit to cover the check if sufficient funds were

not in the account, and in spite of appellant's acceptance of another check for a portion of the rent theretofore disputed by appellee, appellee was arrested on the same day appellant informed appellee that appellee did not have sufficient funds in her account when she wrote the check. Appellant's own testimony regarding the issuance of the warrant was as follows: "I took out the warrants because I wanted my money before she [appellee] got away, because I had done it to others, and I have had to do it. When they get behind, and they give you bad checks, or when they try to leave and don't pay you, we have to take a certain course to tend to it."

Since this evidence would authorize a finding of want of probable cause and the presence of malice, the judgment is not subject to reversal on evidentiary grounds. See, e.g., *S. S. Kresge Co. v. Kicklighter,* 135 Ga. App. 114 (217 SE2d 418); *Auld v. Colonial Stores, Inc.,* 76 Ga. App. 329 (2e) (2f) (3a) (45 SE2d 827).

2. Contrary to appellant's contentions, the general verdict of $8,000 was supported by the evidence.

3. During the closing argument, counsel for appellee addressed the jury as follows: "Mrs. Spainhour said that she did this all the time. This is standard procedure with her renters. Would it be proper, would it be fitting, would it be in keeping with our American spirit, to take out a criminal warrant against Mrs. Spainhour for extortion? That is what she is doing ... She is extorting money by the use of criminal warrants."

Appellant, citing *Brown v. Wilson,* 55 Ga. App. 262 (4) (189 SE 860), urges that a mistrial ought to have been granted for counsel's statement, notwithstanding the court's curative instructions and rebuking of counsel. This is not well taken.

Since the remark of counsel was not without foundation and was, in fact, an underlying basis of appellee's suit (see, in this regard, *Timeplan &c. Corp. v. Colbert,* 108 Ga. App. 753, 756 (134 SE2d 476); compare *Brown,* supra), we refuse to hold that a mistrial was required in spite of the court's corrective actions. For other situations where counsel's argument was held not to require a mistrial, see *Seaboard Air Line R. v. Horning,* 18 Ga. App. 396 (3) (89 SE 493), involving counsel's claim that

the defendant had bribed a witness; and *Reeder v. State,* 69 Ga. App. 705 (4) (26 SE2d 481), where counsel argued that a lottery operation was equivalent to "robbery."

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 7, 1980.

*Robert E. Andrews,* for appellant.
*Robert J. Reed, Douglas Parks,* for appellee.